[Clark v. The State.]

# Clark v. The State.

### Manslaughter.

(Decided June 17, 1913.   Rehearing denied July 8, 1913.
62 South. 987.)

1. *Appeal and Error; Record; Organization of Court; Necessity of Showing.*—Where the record does not show when or where the court was held or who presided thereat, an appeal based on such a judgment will be dismissed as not showing a judgment rendered by a court organized pursuant to law.

2. *Same; Certiorari.*—Where the record is defective in not showing the organization of the court rendering the judgment appealed from, the appellant is entitled as a matter of right to a certiorari to have the record perfected on a proper showing made before submission that the record in the court below was complete; but certiorari will be granted only as a matter of grace when not applied for until after the appeal has been submitted and dismissed.

3. *Criminal Law; Correction of Record; Discretion of Court.*— Where the record shows that defendant has had a fair trial, and that the verdict is a lenient one for manslaughter, the court will not grant certiorari to correct the record after the appeal has been submitted and dismissed for the purpose of allowing the defendant the advantage of some possible technical error.

APPEAL from Coffee Circuit Court.

Heard before HON. H. A. PEARCE.

Ida Clark was convicted of manslaughter in the first degree, and she appeals.   Appeal dismissed, and application for rehearing denied.

The record fails to contain any statement of where or when the court was held or who presided thereat, but begins by setting out the indictment and the pleas interposed by the defendant, and then follows the bill of exceptions which states that the cause coming on for hearing at the spring term, 1912, of the circuit court of Coffee county, Ala., on March 27, 1912, the following proceedings were had:   "The bill is signed by H. A. Pearce, judge."

H. L. MARTIN, J. A. CARNLEY, and RILEY & CARMI-CHAEL, for appellant. Counsel discuss errors assigned, with citation of authority, but in view of the opinion, it is not deemed necessary to set them out. On rehearing they insist that the motion should be granted that certiorari may issue to bring up a corrected record, based upon a showing that the record in the lower court was complete.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. It is not shown anywhere by the record when or where the court was held, or who held it, and the cause should be dismissed for failure of judgment to support.—*Bowen v. State,* present term; *Grantham v. State,* 3 Ala. App. 168.

THOMAS, J.—"The record in this case does not show that the court was held at the place designated by law, or that it was convened or presided over by a judge authorized to hold it. The appeal must be dismissed because of failure of the record to show that the judgment appealed from was rendered by a court organized pursuant to law."—*Grantham v. State,* 3 Ala. App. 168, 57 South. 1025; *Thomas v. Daniel,* 42 South. 623; *McPherson v. Wiggins,* 40 South. 961; *Sam Bowen v. State, Infra,* 62 South. 994; 2 Cyc. 1033.

Appeal dismissed.

ON APPLICATION FOR REHEARING.

Defendant's counsel make application for rehearing, praying the setting aside of the order of dismissal and the issuance of a writ of certiorari to perfect the record here in the particulars wherein it is defective as point-

[Clark v. The State.]

ed out in the foregoing opinion.  In support of the application, proper showing is made that the record in the court below is in all respects complete.

If the petition for certiorari had been made before the submission of the case, the defendant would have been entitled to the writ as a matter of right; but having submitted the case on the record in the defective condition that it is, and having by such submission invoked the formal opinion of this court on the question of its sufficiency to support our jurisdiction to hear and determine the appeal on its merits, which resulted in a decision adverse to appellant and in a consequent order of dismissal, it is clear that, if the case is now to be restored to the docket and the writ of certiorari granted, it is to be done purely as a matter of grace on the part of the court and not as a matter of right which the appellant could legally or justly exact.

The law favors only the diligent and forecloses those who fail to seasonably assert their rights.  Where, however, life or liberty is involved, we do not feel that a defendant should be made to suffer irreparable injury, on account of the neglect of her counsel, when the case is such that it is within the power of the court, by the extension of its grace, to relax the severity and rigor of legal rules.  To be entitled to such grace, however, it should appear that error, not merely technical, but injuriously affecting substantial rights of the defendant, was committed by the lower court on the trial, and that there is no other way by which that error can be brought before us for review and the wrong remedied.

We are convinced that the defendant has no other remedy than that prayed at our hands, since it appears that the time within which a second appeal could be taken or a writ of error preferred, if such would lie, has expired; but we are not convinced that any substantial

injury was done appellant or reversible error committed by the trial court. Counsel for defendant have submitted us no brief, either on the original submission or on the aplication for rehearing; but we, careful to see that no injustice be done the innocent and that even the guilty be accorded a fair trial according to law, have patiently and painstakingly gone through the entire record, and we are of opinion that the defendant not only had a fair trial, but that the jury took the most charitable view possible of the facts developed and were most lenient in their verdict. So feeling, we do not believe it our duty to exercise our discretion and extend our grace in favor of reopening the case to the end of ascertaining if there is not some possible technical error which would necessitate its reversal. The application for rehearing is therefore overruled, and the prayer for certiorari denied.

Application overruled, and prayed denied.