(97 South. 49)

### BISSELL MOTOR CO. v. JOHNSON.
### (6 Div. 864.)

(Supreme Court of Alabama.  May 17, 1923. Rehearing Denied June 14, 1923.)

1. Evidence ⏀⟜441(6)—Admission of oral testimony tending to vary written contract sued on held error.

In an action for the breach of a written contract by which defendant agreed to sell for plaintiff an automobile, held, that it was reversible error to permit plaintiff, over defendant's objection, to introduce oral testimony that defendant was to resell the automobile at a price of $600, thus very materially affecting the amount of recoverable damages, if the jury found for plaintiff; oral evidence be-

# BISSELL MOTOR CO. v. JOHNSON 39

ing inadmissible in actions ex contractu the terms of a written instrument, where no fraud is alleged.

**2. Evidence ⬤⇒443(1)—Parol evidence may be admitted to establish collateral agreement relating to written contract, where such agreement is evident and closely connected with principal transaction.**

Where it is apparent that the parties to a written agreement intended as a part thereof a collateral oral agreement, parol evidence of such collateral agreement is admissible, though the collateral agreement must be so closely connected with the principal transaction as to form part and parcel of it.

**3. Appeal and error ⬤⇒701(3)—Review of denied charges cannot be had, where bill of exceptions does not recite that it contains all evidence.**

Refusal to give particular charges discussed in a brief cannot be reviewed, in the absence of recital in the bill of exceptions that it contains all the evidence.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action by William F. Johnson against the Bissell Motor Company for damages for breach of a contract. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Lange & Simpson and W. H. Brantley, Jr., all of Birmingham, for appellant.

Parol evidence is not admissible to contradict, substract from, add to or vary a written instrument. Eslava v. Elliott, 5 Ala. 264, 39 Am. Dec. 326; Waddell v. Glassell, 18 Ala. 561, 54 Am. Dec. 170; Cox v. Holcomb, 87 Ala. 589, 6 South. 309, 13 Am. St. Rep. 79; Sellers v. Dickert, 185 Ala. 206, 64 South. 40; Dudley v. Stansberry, 5 Ala. App. 491, 59 South. 379; L. & N. R. Co. v. Williams, 5 Ala. App. 615, 56 South. 865, 59 South. 673; 128 Va. 317, 104 S. E. 252, 11 A. L. R. 1171, 10 R. C. L. 1016.

David J. Davis, of Birmingham, for appellee.

The answer of the witness that the car would be sold for $600 was not responsible to the question answered, and no error can be predicated thereon unless there is a motion to exclude. S.-S. S. & I. Co. v. Sharp, 156 Ala. 284, 47 South. 279.

SAYRE, J. William F. Johnson sued the Bissell Motor Company, alleging the breach of a contract by which defendant agreed to sell for plaintiff an automobile at the price of $600. Plaintiff introduced in evidence a paper writing which witnessed an order by defendant's sales agent on defendant for the immediate delivery of an automobile at the price of $600. One expression of the order was that defendant "will not be bound by any agreement or promise not herein stated." The price was paid and defendant delivered the automobile. The order was signed by R. K. Kay, sales agent for defendant, and across its face was written, "I agree to sell car within 90 days if decide to sell car," and this constituted the contract alleged to have been breached.

[1, 2] It was competent probably to explain by parol that the contract was entered into by Kay as agent for defendant and that defendant, by accepting the order, undertook to resell the automobile according to the terms of the contract written across its face. 2 Williston on Contracts, p. 1230; Hughes v. Wilkinson, 35 Ala. 462. But the court, over defendant's objection allowed plaintiff to show that the agreement was that defendant was to resell the automobile for plaintiff at the price of $600, thus very materially affecting the amount of recoverable damages in the event the jury found with plaintiff, and it seems very clear that the jury by its verdict fastened upon defendant, not only the contract as it was written, but the alleged stipulation as to the price as well. In this the court went counter to the authorities which hold that, while a contract may be explained consistently with its terms, oral evidence of a term not shown by the writing is not admissible in actions ex contractu, where no fraud is charged, because its effect is to vary the terms of the written instrument by superadding another term or condition not expressed by the parties. Bush v. Bradford, 15 Ala. 317; Tabor v. Peters, 74 Ala. 90, 49 Am. Rep. 804; Griel v. Lomax, 86 Ala. 137, 5 South. 325. The practical effect of the much discussed parol evidence rule is that, when the court sees that a separate collateral agreement was probably intended by the parties, evidence of it is admitted. 2 Williston on Contracts, §§ 631–638. Prof. Williston quotes the following from Fuller, C. J., in Seitz v. Brewers' Refrigerator Co., 141 U. S. 510, 12 Sup. Ct. 46, 35 L. Ed. 837, as being a good expression of the principle:

"Undoubtedly the existence of a separate oral agreement as to any matter on which a written contract is silent, and which is not inconsistent with its terms, may be proven by parol, if under the circumstances of the particular case it may be properly inferred that the parties did not intend the written paper to be a complete and final statement of the whole of the transaction between them. But such an agreement must not only be collateral, but must relate to a subject distinct from that to which the written contract applies; that is, it must not be so closely connected with the principal transaction as to form part and parcel of it. And when the writing itself upon its face is couched in such terms as import a complete legal obligation without any uncertainty as to the object or

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

extent of the engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, were reduced to writing."

The burden is on the proposer to show the propriety of the suggested exception. An indiscriminate recognition of exceptions would practically annul the rule itself, would deprive written contracts of their certainty, and render prudent men powerless to protect themselves. Graham v. Savage, 110 Minn. 513, 126 N. W. 394, 136 Am. St. Rep. 527, 19 Ann. Cas. 1022. Two considerations induce the conclusion that plaintiff should not have been allowed to superadd the term indicating, as he contended, the price at which defendant agreed to sell the automobile for him. The superadded term, if in fact agreed upon, was of the very substance of the contract and should have been included within its written expression; the writing on its face—we refer here to the language of the order, quoted above, as proper to be considered in the construction of the promise written across the face of the paper —purported to evidence the complete legal obligation undertaken by defendant. For these reasons our opinion is that the court erred in admitting the testimony in question.

[3] Some charges refused to defendant— among them the general affirmative charge— are discussed in the brief, but these cannot be reviewed in the absence of a recital in the bill of exceptions that it contains all the evidence. Wadsworth v. Williams, 101 Ala. 264, 13 South. 755; Anniston Mfg. Co. v. So. Ry., 145 Ala. 351, 40 South. 965.

We find no other error.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.