(108 So. 270)

## WELDON v. STATE   (6 Div. 758.)

(Court of Appeals of Alabama.   Jan. 19, 1926. Rehearing Denied April 20, 1926.)

1. **Criminal law** ⬤≈1144(14)—Sufficiency of evidence to warrant refusal of charges asking affirmative relief will be presumed, where bill of exceptions does not recite that it contains all, or substantially all, evidence.

In absence of recital in bill of exceptions that it contains all, or substantially all, evidence adduced, Court of Appeals will presume that there was sufficient evidence to warrant refusal of all charges asking affirmative relief.

2. **Criminal law** ⬤≈1124(3)—Overruling motion for new trial for lack of proof to sustain verdict will not be reviewed, where bill of exceptions does not state that it contains all, or substantially all, evidence.

In absence of recital in bill of exceptions that it contains all, or substantially all, evi-

dence, Court of Appeals will not review order overruling motion for new trial for lack of proof to sustain verdict.

**3. Criminal law ⊗═829(1).**

Refusal of charge covered in court's oral charge is not error.

*On Rehearing.*

**4. Criminal law ⊗═1109(1).**

Appellant is charged with duty of presenting correct record to Court of Appeals.

**5. Criminal law ⊗═1133—Court of Appeals will not grant rehearing and set aside submission after affirmance, though clerk omitted vital part of bill of exceptions signed by judge, where bill actually signed contains ample evidence to support verdict and warrant refusal of requested charges.**

Where bill of exceptions, signed by judge, shows ample evidence to support verdict and warrant refusal of requested charges, Court of Appeals will not grant rehearing and set aside submission after judgment of affirmance based on absence of recital in bill of exceptions that it contained all, or substantially all, evidence, though clerk, in making up transcript, omitted vital part of bill signed by judge.

Appeal from Circuit Court, Marion County; R. L. Blanton, Judge.

Tobe Weldon was convicted of selling, offering for sale, or having in possession prohibited liquors, and he appeals. Affirmed.

C. Leroy Mayhall, of Haleyville, for appellant.

The evidence for the state was not sufficient to overcome the presumption of defendant's innocence. Moon v. State, 19 Ala. App. 176, 95 So. 830; Biddle v. State, 19 Ala. App. 563, 99 So. 59; Seigler v. State, 19 Ala. App. 135, 95 So. 563; Knight v. State, 19 Ala. App. 296, 97 So. 163; Hobdy v. State, 20 Ala. App. 44, 100 So. 571.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

There is no error in refusing charges covered by charges already given, or by the oral charge. Johnson v. State, 203 Ala. 33, 81 So. 820. The evidence will not be reviewed, when the bill of exceptions fails to recite that it contains all or substantially all of the evidence. Marshall v. State, 18 Ala. App. 46, 88 So. 369.

SAMFORD, J. [1] The bill of exceptions fails to state that it contains all, or in substance all, the evidence adduced on the trial. In the absence of this recital, this court will presume that there was sufficient evidence given on the trial to warrant the trial court in refusing all charges asking affirmative relief. This applies to refused charges 9 and 10.

[2] For a like reason this court will not review the ruling of the trial court overruling the defendant's motion for a new trial, based upon the contention of a lack of proof to sustain the verdict. Thorne v. State (Ala. App.) 105 So. 709;[1] Bissell M. Co. v. Johnson, 210 Ala. 38, 97 So. 49.

[3] Refused charge 12 was covered in the court's oral charge, and refused charge 16 was incomplete.

There is no error in the record, and the judgment is affirmed.

Affirmed.

*On Rehearing.*

[4, 5] It is not contended by appellant that this court was in error in its judgment of affirmance heretofore rendered as based upon the record as it then appeared in this court. The basis of the application is that the clerk of the court in making up the transcript omitted a vital part of the bill of exceptions as signed by the trial judge. With full knowledge, and recognizing the rule that the appellant is charged with the duty of presenting to this court a correct record, we have examined the bill of exceptions as actually signed by the judge, and find that there was ample evidence to support the verdict, and that charges requested were properly refused. So that, even if appellant's application should be taken as a motion to grant a rehearing, to set aside the submission, and for a certiorari, the result would be the same. The court will not do a useless thing. The application is overruled.

Application overruled.