2 So.2d 463

**GRAHAM v. STATE.**

I Div. 387.

Court of Appeals of Alabama.

May 20, 1941.

W. C. Taylor, of Mobile, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

At the April Term, 1940, of the Mobile Circuit Court, the grand jury found, and returned into open court, an indictment against this appellant, defendant below, which charged him with the offense of an assault with intent to ravish the woman named in the indictment. Said indictment was duly filed in said court, on the 19th day of April, 1940.

The record discloses that the case was tried on June 20, 1940, and resulted in the conviction of the defendant; the jury returned the following verdict, viz: "We the jury, find the defendant guilty of assault with intent to ravish as charged in the indictment, and further recommend the mercy of the court." Thereupon, on the same date, the court duly adjudged the defendant guilty, and sentenced him to a term of imprisonment in the penitentiary for three years. Judgment of conviction was pronounced and entered, from which this appeal was taken. The certificate of appeal was filed in this court on June 24, 1940, and the cause was continued by this court on November 14, 1940. The record was here filed on January 4, 1941, and the cause submitted in this court on April 10, 1941. This submission is upon the record proper, there being no bill of exceptions.

Present counsel for appellant, who it appears did not represent the defendant upon his trial in the lower court, has filed in this court (upon submission) an extended motion, seeking thereby a review here of the action of the trial court in overruling and denying defendant's motion for a new trial, and in this connection makes the insistence that on account of the failure of the clerk to include in the transcript, or record, defendant's motion for a new trial, the charges of the court, and other orders and minutes of the court, as required by Section 6106, Code of Alabama 1923, Code 1940, Tit. 7, § 767, upon which appellant was relying to support his appeal, that this court shall consider all these matters upon the sworn motion of defendant, which is supported by numerous affidavits. This, of course, we are without authority to do. These matters are dehors the record, and by the record, as here filed, this court is bound. Moreover, it was the appellant's duty to see that the statutes, supra, are complied with, and his appeal perfected in accord with rules of the court. Powell v. State, 5 Ala.App. 150, 59 So. 328; Lampley v. State, 6 Ala.App. 23, 60 So. 415; Weldon v. State, 21 Ala.App. 357, 108 So. 270, on rehearing. In the Lampley case, supra, this court said [6 Ala. App. 23, 60 So. 416]: "Parties to appeals, even in criminal cases, are expected to see to it—in fact, are required to see to it— that their appeals are perfected with reasonable dispatch."

It further appears in the certificate of the clerk contained in the record that the time for filing a bill of exceptions in this case had expired and that no bill of exceptions has been filed. This official certificate is further conclusive of the question of our lack of authority to consider and determine any of the matters contained in the motion under discussion. Moreover, if this court had such authority, which, as stated, we do not have, and if we should undertake to grant the motion, still it would not benefit the defendant for the reasons where there is no bill of exceptions, the matters referred to in said motion could not be considered, therefore the granting of the motion of earnest counsel for defendant, the court would do a useless thing, and courts do not, and cannot, indulge in doing a useless thing. This of course is axiomatic.

There is but one order to be entered upon this appeal, and that is to affirm the judgment of conviction from which this appeal was taken, as the sole question here presented is the regularity of the proceedings in the court below upon the trial of this case. We find said record regular in all respects, there is no error apparent thereon. It is ordered,

therefore, that the judgment of conviction appealed from will stand affirmed.

In behalf of defendant (appellant) we are free to state, after having read the exhibits, affidavits, etc., submitted, as stated, to the lower court upon the hearing of defendant's motion for a new trial, that, if true, the final conviction of defendant was of very doubtful propriety, and that all the matters submitted to the trial court should have received the court's careful consideration. It is needless to assert this court is not vested with parole or pardoning powers, and the only manner in which these matters could be given further consideration, under the law, would be to apply to the State's Pardon and Parole Board.

Affirmed.