2 So.2d 465

## DOROUGH v. STATE.

### 6 Div. 739.

Court of Appeals of Alabama.

May 20, 1941.

V. H. Carmichael, of Jasper, for appellant.

Thos. S. Lawson, Atty. Gen., and Noble J. Russell, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This prosecution was begun in the county court wherein this appellant, defendant, was charged with the offense of violating the State prohibition law by unlawfully having in possession prohibited liquors, etc. From a judgment of conviction in the said county court an appeal was taken to the circuit court where the case was tried before a jury upon the original affidavit or complaint. The defendant was again convicted, as charged in the complaint. Judgment of conviction was duly pronounced and entered, and the defendant was sentenced to hard labor for the correct period of time fixed by the Statute. This appeal is from said judgment of conviction.

At the time of the submission of this cause, in this court, the State by and through its representative, the Attorney General, filed a motion to strike the bill of exceptions upon the grounds stated in said motion which is as follows:

"Motion to Strike Bill of Exceptions

"Comes the State of Alabama, Appellee in the above styled cause, by and through Thos. S. Lawson, Attorney General, and moves this Honorable Court to strike the bill of exceptions filed in said cause and for grounds therefor, shows as follows:

"1. It affirmatively appears from the record that no compliance was had with Section 6433 of the Code of Alabama, 1923 [Code 1940, Tit. 7, § 822].

"2. For that it affirmatively appears from the record that no compliance has been had with Section 6433 of the Code of Alabama, 1923 in that the bill of exceptions was not signed and approved by the trial judge within sixty days after the same was presented to him, as required by said section.

"3. For that it affirmatively appears from the record that the bill of exceptions was presented to the trial judge on, to-wit, the 31st day of January, 1941 (R. 23), but

said record fails to show that the said bill of exceptions was approved by the trial judge within sixty days after the same was presented; thus conclusively showing that no compliance has been had with Section 6433 of the Code of Alabama, 1923.

"4. For that it affirmatively appears of record (R. 7 and 10) that the appellant was convicted on, to-wit, September 18, 1940; that a motion for a new trial (R. 9) was filed on the 13th day of October, 1940 and set down for hearing by the trial judge on November 18, 1940; that on November 18, 1940, said motion for a new trial was overruled (R. 9); that a bill of exceptions was presented to the trial judge on the 31st day of January, 1941 (R. 23); that the record fails to disclose wherein the trial judge ever approved said bill of exceptions; thus conclusively showing that no compliance has been had with Section 6433 of the Code of Alabama, 1923."

Upon examination of the record we find the grounds stated in the foregoing motion to be correct, hence the motion to strike must be, and is, sustained.

The only endorsement entered of record by the trial judge is as follows:

"State of Alabama,
"Fayette County.

"The above and foregoing bill of exceptions was duly presented to me within the time allowed for presenting the same, on this 31st day of January, 1941.
                    "V. W. Elmore
        "Judge of 24th Judicial Circuit.
"Filed February 2, 1941,
                    "R. L. Mosley, Clerk."

From the foregoing it will be seen that the trial judge merely certified to the presentation of the bill of exceptions. There appears no approval by the judge of the bill of exceptions as the law requires. This of course is essential, and until a bill of exceptions is authenticated by the approval of the trial judge, it is not a bill of exceptions, under the law.

As stated, in our recent case of John S. Graham v. State, ante, p. 179, 2 So. 2d 463: "It was the appellant's duty to see that the Statutes, supra, are complied with, and his appeal perfected in accord with rules of the court. Powell v. State, 5 Ala.App. 150, 59 So. 328; Lampley v. State, 6 Ala. App. 23, 60 So. 415; Weldon v. State, 21 Ala.App. 357, 108 So. 270, on rehearing. In the Lampley case, supra, this court said (6 Ala.App. 23, 60 So. 416): 'Parties to appeals, even in criminal cases, are expected to see to it—in fact, are required to see to it —that their appeals are perfected with reasonable dispatch.' "

The bill of exceptions having been stricken leaves only the question of the regularity of the proceedings of the trial in the court below, as shown by the record. We have examined the record and no error appears thereon, therefore, the judgment of conviction from which this appeal was taken must be, and is, affirmed.

Affirmed.