30 So.2d 38

## PHELPS v. STATE.
### 4 Div. 3.

Court of Appeals of Alabama.
April 15, 1947.

J. N. Mullins, Jr., of Dothan, for appellant:

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

CARR, Judge.

Appellant was tried and convicted in the circuit court on an indictment charging forgery.

We will take a statement of the tendencies of the evidence from the brief of the Assistant Attorney General:

"The evidence introduced by the State is to the effect that this appellant, Wesley Phelps, on or about January 26, 1946 presented to the cashier of Montgomery Ward and Company, Dothan, Alabama, a check in the amount of $50.00 drawn on the Dothan Bank & Trust Company, payable to the order of Wesley Phelps, and purporting to be signed by one R. J. Clark, which check, after endorsement by appellant, was cashed by the cashier of said company with this appellant receiving the money in payment thereof.

"There likewise appeared as witnesses for the State one Reginald J. Clark and one Robert J. Clark, both of whom testified that they have accounts with the Dothan Bank & Trust Company, but both of whom denied issuing the check in question to the appellant or having any knowledge of the issuance of such check.

"The testimony introduced by the appellant is to the effect that upon the day in question he sought to borrow money from State's witness Reginald J. Clark and that Mr. Clark issued the $50.00 check to him as a loan and that he then cashed the check by endorsing it with his own signature."

The only questions presented for review by the record are: The refusal of three written charges which were tendered by the appellant and the action of the trial court in denying the motion for a new trial.

One of the charges indicated is the general affirmative charge.

During the progress of the trial the check in question and several documents containing the genuine signature of R. J. Clark were introduced in evidence. These were before the trial court and jury for inspection, but the clerk failed to send this evidence with the record. We are, therefore, not privileged to make examination and comparison of the signatures in question. In this state of the record we cannot fully and accurately review the action of the lower court in refusing the affirmative charge or his action in overruling the motion for a new trial. Bates v. Louisville & N. R. Co., 21 Ala.App. 176, 106 So. 394; Alabama Terminal R. Co. v. Benns, 189 Ala. 590, 66 So. 589.

The other charges which we have numbered 1 and 3 for convenience of identification were refused without error—No. 1 upon the authority of Pace v. State, 32 Ala.App. 65, 21 So.2d 565; Edwards v. State, 205 Ala. 160, 87 So. 179.

In the cases of Burton v. State, 107 Ala. 108, 18 So. 284, and Brown v. State, 118 Ala. 111, 23 So. 81, the Supreme Court approved Charge No. 3 indicated above. However, in Shelton v. State, 144 Ala. 106, 42. So. 30, the court expressly overruled the Brown case with reference to the charge in question. To the same effect is the holding in Amos v. State, 123 Ala. 50, 26 So. 524, and in this latter case the Burton case, supra, was also overruled on this point. In many cases which have followed, this court and the Supreme Court have consistently condemned this charge. Bryant v. State, 185 Ala. 8, 64 So. 333; Davis v. State, 209 Ala. 409, 96 So. 187; Owens v. State, 215 Ala. 42, 109 So. 109; King v. State, 23 Ala.App. 237, 123 So. 290; Randall v. State, 24 Ala.App. 567, 138 So. 423; Kabase v. State, 31 Ala.App. 77, 12 So.2d 758.

There is no reversible error presented by the record. The judgment of the lower court is due to be and is ordered affirmed.

Affirmed.