59 So.2d 796

### STARKEY v. BRYANT.
8 Div. 571.

Supreme Court of Alabama.

June 30, 1952.

558.

Brown, Scott & Dawson, Scottsboro, for appellant.

H. G. Bailey, Boaz, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal from a judgment of the Circuit Court of Jackson County, Alabama, wherein plaintiff recovered $1,277.50 of defendant.

The case has been before the court on a former appeal from a judgment of nonsuit because of the lower court's action in sustaining demurrers to the complaint. We reversed because defendant's demurrer to counts one, two and seven were erroneously sustained. Bryant v. Starkey, 252 Ala. 21, 39 So.2d 291. After the cause was remanded, the case was presented to the jury on these counts, and verdict and judgment for plaintiff resulted.

As is demonstrated by our former opinion, the basis of the suit was an agreement concerning sale of cotton futures on the New York Exchange. In that appeal the law was laid down for the future guidance of the court. The issue raised by the pleadings was the illegality of the contract—specifically, whether the parties intended delivery of the cotton at some future time. The burden of proof was upon defendant. Bryant v. Starkey, supra.

Only two errors are assigned. The refusal of the affirmative charge to defendant, and the admission in evidence, over defendant's timely objection, of exhibits five and six.

■ Exhibits five and six are not copied in the record, nor has Supreme Court Rule 47 been complied with in respect to said exhibits. They being a part of the evidence before the trial court, a full record here requires their presence therein. Montevallo Mining Co. v. Underwood, 202 Ala. 59, 79 So. 453; Louisville & Nashville Railroad Co. v. Cross, 205 Ala. 626, 88 So. 908; Gossett v. Pratt, 250 Ala. 300, 34 So.2d 145. We are of course unable to say that the trial court erred in admitting them.

■ From the foregoing it affirmatively appears that all of the evidence introduced in the court below is not before this court. In dealing with the affirmative charge refused to defendant, the court must look to the strongest tendencies of the evidence for plaintiff.

■ In its final analysis we have before us a record which shows on its face that it does not contain all the evidence. Under these circumstances the refusal of the general charge is not open to review. Arrick v. Fanning, 35 Ala.App. 409, 47 So.2d 708; Mathews Hardware Co. v. Allied Sales Corp., 19 Ala.App. 303, 97 So. 166; Godfrey v. Vinson, 215 Ala. 166, 110 So. 13; Henley v. Lollar, 35 Ala.App. 182, 44 So.2d 791; Chandler v. Owens, 235 Ala. 356, 179 So. 256. Moreover, the evidence in the record is sufficient to take the case to the jury.

Affirmed.

BROWN, LAWSON and STAKELY, JJ., concur.