68 So.2d 862

## LIPSCOMB v. STATE.

### 7 Div. 208.

Court of Appeals of Alabama.

Oct. 6, 1953.

Rehearing Denied Dec. 8, 1953.

A. B. Cunningham, E. G. Pilcher and Jas. C. Stivender, Jr., Gadsden, for appellant.

Si Garrett, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., and Thos. M. Haas, Montgomery, of counsel, for the State.

PRICE, Judge.

Under an indictment charging murder in the first degree the appellant was convicted of manslaughter in the first degree and was sentenced to the penitentiary for a term of ten years.

Deceased, Thelma Conte, met her death as the result of a fall from a cliff or precipice. The evidence for the State tended to show that defendant threw or pushed her off the cliff. Defendant denied that he did anything to cause her death and insisted she must have fallen from the cliff.

It affirmatively appears that the record does not contain all of the evidence introduced on the trial, nor have the omitted exhibits been certified to this court. We therefore refrain from a detailed discussion of the evidence, since it would serve no good purpose, for we are prevented by such omission from reviewing the trial court's action in refusing the general affirmative

charge and in denying the motion for a new trial on the ground the verdict is contrary to the weight of the evidence. Phelps v. State, 33 Ala.App. 89, 30 So.2d 38; York v. State, 34 Ala.App. 188, 39 So.2d 694; Senn v. State, 35 Ala.App. 62, 43 So.2d 540; Richardson v. State, Ala.App., 65 So.2d 715.

These exhibits included several photographs of the nude body of Thelma Conte made and developed by the toxicologist and used at the trial to show the location and extent of her injuries; some small shrubs or bushes, some of them of the thorn bearing type, which were allegedly found bent over and broken at the scene of the crime in a trail, which according to the State's witnesses, was made by dragging deceased for a distance after the fall, accounting for numerous wounds and scratches on her body. Also, a diagram or map of the locale of the crime which was referred to frequently by the Attorneys in questioning the witnesses as to the terrain, distances, directions, location of boulders, etc., at the scene.

■ Counsel insists the photographs were not limited to the wounds causing death and had no tendency to prove or disprove any material fact in issue, but that they were so gruesome as to incite the passions of the jury against appellant and were introduced solely for that purpose and that the shrubs identified as State's exhibit X were improperly admitted in evidence. Since there has been no compliance, with Supreme Court Rule 47, Code 1940, Tit. 7, Appendix, we cannot review the action of the trial court in admitting the exhibits. Starkey v. Bryant, 257 Ala. 557, 59 So.2d 796.

■ One of the grounds of motion for a new trial was that during the progress of the trial "certain individual jurymen chosen to try this cause, soon after court was adjourned or recessed at 5:00 p. m. on March 3, 1952, until the next morning of March 4, 1952, were permitted or did use a telephone or telephones to make calls to various persons outside of and away from the courthouse contrary to law."

The following affidavit of the trial Judge appears in the record:

"The Statement of Honorable J. H. Disque, Jr., Trial Judge in the Above-Styled Cause.

"Before me, the undersigned authority, personally appeared the Honorable J. H. Disque, Jr., trial judge of the Circuit Court of Etowah County, Alabama, in the above-styled cause who, after first being duly sworn, deposes and says:

"That he was the trial judge in the above-styled cause; that he, as such judge, has personal knowledge of the facts and allegations as set out in appellant's motion for a new trial, Ground No. Nine, and he does state in support of and as evidence of said motion for a new trial of appellant that certain jurymen did make telephone calls to persons outside and away from the Courthouse on the date and time alleged in said motion; with the permission of the trial Judge and under the Supervision of the Court Bailiff in charge of the Jury.

"J. H. Disque, Jr.
"Circuit Judge, Etowah County, Alabama.

"Sworn to and subscribed before me this the 17 day of Feb., 1952

"John N. Kirby

"Notary Public

"This statement is made in support of appellant's motion for a new trial, Ground No. Nine, and is hereby incorporated and made a part of the record and transcript of said case.

"Done this 17th day of February, 1953.

"J. H. Disque, Jr.
"Circuit Judge, Etowah County, Alabama."

This is all the evidence on the motion as disclosed by the record.

We are of the opinion that these facts do not in any way tend to show a separation of the jury or such misconduct upon the part of any member of the jury as

382

would warrant the setting aside of the verdict and granting the defendant's motion for a new trial.

Charges refused to defendant were incorrect statements of the law or were substantially covered by charges given at defendant's request or by the court's oral charge.

The judgment of the trial court is affirmed.

Affirmed.

## On Rehearing

Appellant's application for rehearing is accompanied by a petition for a writ of certiorari to the clerk of the circuit court directing him to perfect the record by transmitting to this court the omitted exhibits referred to in our original opinion.

■ The appellant is charged with the duty of presenting a correct record to the appellate courts. Weldon v. State, 21 Ala. App. 357, 108 So. 270; Graham v. State, 30 Ala.App. 179, 2 So.2d 463; Dorough v. State, 30 Ala.App. 181, 2 So.2d 465.

■ This court has held that a party is not entitled as a matter of right, on an application for a rehearing, to a certiorari to correct defects in the record. Cochran v. City of Anniston, Ala.App., 68 So. 544; Clark v. State, 8 Ala.App. 105, 62 So. 987. And the Supreme Court, in the case of Stinson v. State, 223 Ala. 327, 135 So. 571, ruled that a motion for certiorari to correct the record comes too late on application for rehearing.

In the recent case of Huddleston v. State, Ala.App., 64 So.2d 90,[1] on rehearing, we denied the application of the State to be permitted to file a motion for the purpose of correcting a defective judgment of conviction.

■ The Attorney General's brief on original submission contained a certificate to the effect that a copy had been mailed to defendant's counsel on the date of its filing. In this brief it is stated: "The ap-

pellant cites as error the admission in evidence of some exhibits in this case. The State submits that there is no way for the Court of Appeals to determine whether or not the trial court was in error in allowing these exhibits in evidence. These exhibits are not in the transcript or attached to the transcript and are not in fact before this Court."

Notwithstanding having thus been fully apprised that the exhibits were not before us, counsel elected to stand upon the record as made up and permitted the case to go to decision before attempting to invoke the process of this court to supply the omission.

We are of the opinion that to grant such a petition as is here presented after a decision by this court and an opinion rendered would tend to encourage carelessness in appellate procedure and unduly prolong litigation. We therefore conclude the petition for certiorari comes too late and should be denied.

Application for rehearing overruled.

Petition for certiorari denied.