99 So.2d 703

**Thomas E. HAYES**

v.

**STATE.**

**6 Div. 398.**

Court of Appeals of Alabama.

Aug. 13, 1957.

Rehearing Denied Aug. 27, 1957.

E. M. Ford, Jr., Tuscaloosa, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant stands convicted of embezzlement.

The Attorney General has filed a motion to strike the entire record because the same was not timely filed in this court.

The transcript of evidence was filed with the circuit clerk on 12 September 1956, and the full record was filed in this court on 10 December 1956.

■ The full record must be filed in this court within sixty days of the establishment of the transcript of the evidence in the court below. Section 769, Title 7, Code of Alabama 1940, Supreme Court Rule 37, Code 1940, Tit. 7, Appendix. No objections being filed to the transcript, it must be deemed established as of the date of its filing in the office of the clerk below. See Clark v. State, 38 Ala.App. 480, 87 So.2d 669; Lane v. State, 38 Ala.App. 487, 87 So.2d 668.

We have carefully read the reply of appellant's counsel to the Attorney General's motion to strike, and the accompanying affidavit. We find nothing therein that tends to convince us that the State's motion should not be granted.

■■ The burden of perfecting an appeal is on the appellant, and not on the clerk. Graham v. State, 30 Ala.App. 179, 2 So.2d 463; Dorough v. State, 30 Ala. App. 181, 2 So.2d 465. A failure to observe the procedural requirement of processing an appeal must be borne by the appellant, and cannot be cast upon the clerk. Huling v. State, 265 Ala. 697, 92 So.2d 50.

■ Rule 37 is crystal clear, and he who runs may read, that an extension of time for thirty days for filing a record

in this court may be granted by the court below. No effort to secure such an extension of time was attempted below.

The Attorney General's motion is therefore well taken, and must be granted.

Record stricken; appeal dismissed.