245 So.2d 831

**Johnny ORUM**

v.

**STATE of Alabama.**

**Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.**

**3 Div. 481.**

Supreme Court of Alabama.

Feb. 25, 1971.

Rehearing Denied March 11, 1971.

William J. Baxley, Atty. Gen., and Joseph Victor Price, Jr., Asst. Atty. Gen., for the State.

Morris Dees, Jr., Joseph J. Levin, Jr., Montgomery, for defendant.

MERRILL, Justice.

The State's petition for writ of certiorari to the Court of Criminal Appeals, 46 Ala. App. 543, 245 So.2d 829 is based upon an alleged conflict in a statement appearing in that court's opinion, and statements in decisions of this court.

The factual background, based on the opinion, is that the defendant was convicted of first degree burglary, his motion for a new trial was denied on July 16, 1969, his request for a free transcript was denied on July 21, and he gave notice that day to the court reporter to prepare the transcript of the evidence. The sixty days in which the transcript of the evidence should have been filed with the circuit clerk expired on September 19, and it was not so filed until September 26. However, within thirty days from September 19, the defendant-appellant asked for an extension of time to cover the overage of seven days. The Court of Criminal Appeals held that he had shown good cause for the delay and the extension should have been granted by the trial court. This was proper under the cases of Johnson v. State, 269 Ala. 1, 111 So.2d 610, and Johnson v. State, 40 Ala.App. 39, 111 So.2d 614, and the Court of Criminal Appeals correctly denied the State's motion to strike the transcript of the evidence because it was not timely filed in the circuit court.

But we agree with the State's contention that one sentence in the opinion is contrary to the holding of both our cases and cases of the former Court of Appeals. The sentence is: "It is only after the circuit clerk completes the record, including the evidence, that the duty of counsel (for the appellant) to get the record to the appellate court begins."

That sentence is too broad and is not in accord with the holdings which we now cite.

The appellant is under the duty of seeing that his appeal is perfected according to the requirements of statutes and rules of court. Jefferson Iron & Metal Co. v. Bethune, 263 Ala. 131, 81 So.2d 674; Graham v. State, 30 Ala.App. 179, 2 So.2d 463; Dorough v. State, 30 Ala.App. 181, 2 So.2d 465.

In Seals v. State, 282 Ala. 586, 213 So.2d 645, we said:

"We do not recede from the position so often stated in our opinions to the effect that it is the duty of counsel for appellants to see that records pertaining to appeals are timely filed. * * *"

In Hayes v. State, 39 Ala.App. 202, 99 So.2d 703, the Court of Appeals, speaking through Presiding Judge (now Justice) Harwood, said:

"The burden of perfecting an appeal is on the appellant, and not on the clerk. Graham v. State, 30 Ala.App. 179, 2 So. 2d 463; Dorough v. State, 30 Ala.App. 181, 2 So.2d 465. A failure to observe the procedural requirement of processing an appeal must be borne by the appellant, and cannot be cast upon the clerk. Huling v. State, 265 Ala. 697, 92 So.2d 50."

It follows that the sentence in the opinion of the Court of Criminal Appeals which reads, "It is only after the circuit clerk completes the record, including the evidence, that the duty of counsel (for the appellant) to get the record to the appellate court begins," is not the law.

However, this incorrect statement did not prejudice or injuriously affect the substantial rights of the parties and the same result could be reached without reference to it.

Writ denied.

HEFLIN, C. J., and LAWSON, HARWOOD and MADDOX, JJ., concur.