382 So.2d 601 (1979)
Monroe Charles CONNER
v.
STATE.
6 Div. 495.
Court of Criminal Appeals of Alabama.
November 20, 1979.
Rehearing Denied December 18, 1979.
William B. Lloyd, of Lloyd, Ennis & Lloyd, Birmingham, for appellant.
Charles A. Graddick, Atty. Gen. and Jean Williams Brown, Asst. Atty. Gen., for appellee.
TYSON, Judge.
Monroe Charles Conner was indicted by the grand jury for the unlawful possession of heroin and cocaine in violation of the Alabama Uniform Controlled Substances Act, §§ 20-2-1 through 93, Code of Alabama 1975. The jury returned a verdict of guilty, and the trial court set sentence at five years imprisonment in the penitentiary. This appeal followed.
On February 5, 1976, Sergeant James L. Sims of the Narcotics Detail of the Birmingham *602 Police Department and several other officers executed a search warrant upon a residence located on Laurel Avenue in Birmingham, Alabama. The officers gained entrance to the residence by kicking in the front door. Inside two plastic packages containing heroin and cocaine were found. Appellant was arrested and subsequently indicted, tried, and convicted.

I
On appeal, appellant first seeks to attack the validity of the search warrant issued to Sergeant Sims for the search of the Laurel Avenue residence. "Since the search warrant appears nowhere in the record, and was not introduced by either the State or the defense, nothing is presented to this Court for review." McHellen v. State, Ala.Cr.App., 351 So.2d 689, 691 (1977), and cases cited.

II
Appellant next contends that the method of execution of the search warrant was illegal because the officers executing the warrant failed to comply with the procedure prescribed by § 15-5-9, Code of Alabama 1975, and, therefore, the trial court committed reversible error in overruling appellant's motion to suppress the evidence seized during the search.
Section 15-5-9, Code of Alabama, provides as follows:
"Authority of serving officer to break into house.
"To execute a search warrant, an officer may break open any door or window of a house, any part of a house or anything therein if after notice of his authority and purpose he is refused admittance."
It is not always necessary, however, to have an affirmative refusal before an officer will be justified in forcing entry. Diamond v. State, Ala.Cr.App., 363 So.2d 109 (1978). As Judge Bowen commented in Laffitte v. State, Ala.Cr.App., 370 So.2d 1108, cert. denied, Ala., 370 So.2d 1111 (1979):
"The propriety of the method of entering a premises varies with the exact factual circumstances involved in each particular case. State v. Newman, 12 Or.App. 266, 506 P.2d 523 (1973). In evaluating an officer's compliance with a `knock-and-announce' statute, the courts look only to the facts and circumstances with which the officer is faced at the time he makes his decision and acts upon it. People v. Schad, 21 Cal.App.3d 301, 98 Cal.Rptr. 439 (1971)."
Id. at 1110.
In State v. Dudgeon, 13 Ariz.App. 464, 477 P.2d 750 (1970), the court determined that a five or six second delay between the time the officers knocked on the suspect's door and the time they entered the room was a sufficient compliance with Arizona's "knock-and-announce" statute. In affirming a possession of marijuana conviction, the court observed that the length of time an officer must wait after announcement of his identity and purpose depends upon all the circumstances surrounding the execution of the warrant. The court concluded that, since the officers gave the required notice and immediately thereafter heard "scuffling" sounds within the room, the short delay was justified and proper.
Likewise in People v. Hill, 3 Cal.App.3d 294, 83 Cal.Rptr. 305 (1970), the court held that a three or four second delay between announcement and entry was justified since suspicious noises were coming from inside the premises. Cf. People v. Langley, 41 Cal.App.3d 339, 116 Cal.Rptr. 80 (1974).
The Supreme Court of Louisiana observed in State v. Thorson, La., 302 So.2d 578 (1974), that because narcotics can be so quickly and easily destroyed as evidence, circumstances involving a warrant to search for narcotics particularly justify quick action by the police in gaining entrance to a place they are authorized to search.
In the present case, Sergeant James L. Sims testified at the suppression hearing that the officers waited approximately five seconds after announcing their identity and purpose before they kicked in the door and entered.
*603 Sergeant Paul Price testified that he knocked on the door and announced who he was and that he had a warrant to search for drugs. He stated he heard a "scurry[1] in the house" and "almost immediately" forced entrance (R. p. 39).
We hold that, based on the totality of the circumstances surrounding this case, the officers who conducted the search sufficiently complied with § 15-5-9, Code of Alabama 1975. Authorities herein cited.
Our holding, however, should not be read as authorizing a "knockannounceand kick" ritual for police officers executing search warrants. Rather, our holding is dictated by the exigent circumstances present in this case (i. e., the threatened destruction of the narcotics, see Golden v. State, Ala.Cr.App., 361 So.2d 1128, cert. denied, Ala., 361 So.2d 1132 (1978)) and should not be construed as a carte blanche exception to the refusal requirement of § 15-5-9.
Thus, the trial court was correct in overruling appellant's motion to suppress.

III
Lastly, appellant claims error was committed by the trial court's allowance into evidence of a certain inculpatory statement made by appellant.
After the police officers entered the premises, the search revealed two plastic packets of white powder. At that point, appellant and two other persons were informed of their constitutional rights from a "Miranda" card. Immediately thereafter, appellant stated that the other two persons had nothing to do with the substances, that the substances were heroin and cocaine, and that they belonged to him (R. pp. 221-223).
The record clearly reveals that the statement was made knowingly, voluntarily, and intelligently, and, therefore, the trial court correctly admitted it into evidence. Williamson v. State, Ala.Cr.App., 370 So.2d 1054, affirmed Ala., 370 So.2d 1066 (1978), and cases cited.
There being no error in this record, this case is
AFFIRMED.
All the Judges concur.

On Rehearing
TYSON, Judge.

I
Appellant asserts that the contents of the affidavit in support of the search warrant should be considered as an issue on appeal inasmuch as appellant's counsel filed a pretrial motion to suppress the affidavit and warrant, and a hearing concerning this was conducted thereon prior to trial. Also, appellant asserted the alleged insufficiency of the affidavit in his motion for new trial, which was denied by the trial court.
This Court has carefully examined the record presented on appeal concerning this issue and on the other issues presented and has determined from our examination that the alleged affidavit and search warrant were neither made a part of the pleadings filed in the trial court in support of the motion to suppress, nor were the affidavit and search warrant placed in evidence at the hearing on the motion to suppress before the trial judge. Such was not placed in evidence at trial. Moreover, the affidavit and search warrant were not attached to the motion for new trial, nor presented to the trial court at that time.
In Orum v. State, 286 Ala. 679, 245 So.2d 831 (1971), we find this statement:
"The appellant is under the duty of seeing that his appeal is perfected according to the requirements of statutes and rules of court. Jefferson Iron & Metal Co. v. Bethune, 263 Ala. 131, 81 So.2d 674; Graham v. State, 30 Ala.App. 179, 2 So.2d 463; Dorough v. State, 30 Ala.App. 181, 2 So.2d 465.
"In Seals v. State, 282 Ala. 586, 213 So.2d 645, we said:
*604 "`We do not recede from the position so often stated in our opinions to the effect that it is the duty of counsel for appellants to see that records pertaining to appeals are timely filed. * * *'"
Appellate review is limited to only those matters appearing in the record. Graham v. State, 30 Ala.App. 179, 2 So.2d 463 (1941); Hargrove v. State, Ala.Cr.App., 344 So.2d 823, cert. denied, Ala., 344 So.2d 826 (1977); and Heard v. State, Ala.Cr.App., 351 So.2d 686 (1977).
The Alabama Appellate Courts on at least four occasions have held that an affidavit and search warrant not contained in the record on appeal cannot be considered on review of the trial court's ruling as to its sufficiency or any of the underlying circumstances supporting the warrant. Barbosa v. State, Ala.Cr.App., 331 So.2d 811 (1976); Mayes v. State, Ala.Cr.App., 350 So.2d 339 (1977); McHellen v. State, Ala.Cr.App., 351 So.2d 689 (1977); and Goodman v. State, Ala.Cr.App., 356 So.2d 691, cert. denied, Ala., 356 So.2d 698 (1978).
In the case under review our examination reveals that the affidavit and search warrant are attached to counsel's brief on appeal in this cause.
This Court is bound by the following statement of the applicable rule found in Dunaway v. State, 50 Ala.App. 198, 278 So.2d 198 cert. denied, 291 Ala. 777, 278 So.2d 200 (1973):
"Matters raised for the first time on appeal in brief or by affidavits attached thereto are covered by Edwards v. State, 287 Ala. 588, 253 So.2d 513, as follows:
"`The rule is that argument in brief reciting matters not disclosed by the record cannot be considered on appeal, Christian v. Reed, 265 Ala. 533, 92 So.2d 881; and the record cannot be impeached on appeal by statements in brief, by affidavits, or by other evidence not appearing in the record. Coleman v. Estes, 281 Ala. 234, 201 So.2d 391; Liberty National Life Ins. Co. v. Patterson, 278 Ala. 43, 175 So.2d 737; Evans v. Avery, 272 Ala. 230, 130 So.2d 373.' See also Phillips v. State, 32 Ala.App. 238, 24 So.2d 226; Clark v. State, 280 Ala. 493, 195 So.2d 786; Argo v. State, 282 Ala. 509, 213 So.2d 244."

II
We have again considered the other issues asserted, which were fully covered in our original opinion, and are of the view that no new points are raised. The application for rehearing is therefore due to be and the same is hereby overruled.
OPINION EXTENDED, APPLICATION OVERRULED.
HARRIS, P. J., and DeCARLO and BOOKOUT, JJ., concur.
BOWEN, J., dissents with opinion.
BOWEN, Judge, dissenting.
Since the affidavit in support of the search warrant was the subject of a pretrial motion and hearing, I would order its inclusion in the record under Rule 10(f), Alabama Rules of Appellate Procedure. The affidavit was considered by the trial court although it was never formally introduced into evidence. Under such circumstances the affidavit was "in evidence". Smith v. State, 344 So.2d 1239, 1241 (Ala.Cr.App.), cert. denied, 344 So.2d 1243 (Ala.1977). The rule cited by the majority on rehearing is not applicable for the matter was raised at trial and is not submitted to impeach anything now appearing in the record. In this case the testimony of the witnesses at the suppression hearing and the rulings of fact and law by the trial court form a sufficient basis for review of the issues presented.
NOTES
[1] "`Scurry'To go with light running steps; hurry; scamper." American Heritage Dictionary.