On Rehearing

TYSON, Judge.
I
Appellant asserts that the contents of the affidavit in support of the search warrant should be considered as an issue on appeal inasmuch as appellant’s counsel filed a pretrial motion to suppress the affidavit and warrant, and a hearing concerning this was conducted thereon prior to trial. Also, appellant asserted the alleged insufficiency of the affidavit in his motion for new trial, which was denied by the trial court.
This Court has carefully examined the record presented on appeal concerning this issue and on the other issues presented and has determined from our examination that the alleged affidavit and search warrant were neither made a part of the pleadings filed in the trial court in support of the motion to suppress, nor were the affidavit and search warrant placed in evidence at the hearing on the motion to suppress before the trial judge. Such was not placed in evidence at trial. Moreover, the affidavit and search warrant were not attached to the motion for new trial, nor presented to the trial court at that time.
In Orum v. State, 286 Ala. 679, 245 So.2d 831 (1971), we find this statement:
“The appellant is under the duty of seeing that his appeal is perfected according to the requirements of statutes and rules of court. Jefferson Iron & Metal Co. v. Bethune, 263 Ala. 131, 81 So.2d 674; Graham v. State, 30 Ala.App. 179, 2 So.2d 463; Dorough v. State, 30 Ala.App. 181, 2 So.2d 465.
“In Seals v. State, 282 Ala. 586, 213 So.2d 645, we said:
*604 “ ‘We do not recede from the position so often stated in our opinions to the effect that it is the duty of counsel for appellants to see that records pertaining to appeals are timely filed. * * * ’ ”
Appellate review is limited to only those matters appearing in the record. Graham v. State, 30 Ala.App. 179, 2 So.2d 463 (1941); Hargrove v. State, Ala.Cr.App., 344 So.2d 823, cert. denied, Ala., 344 So.2d 826 (1977); and Heard v. State, Ala.Cr.App., 351 So.2d 686 (1977).
The Alabama Appellate Courts on at least four occasions have held that an affidavit and search warrant not contained in the record on appeal cannot be considered on review of the trial court’s ruling as to its sufficiency or any of the underlying circumstances supporting the warrant. Barbosa v. State, Ala.Cr.App., 331 So.2d 811 (1976); Mayes v. State, Ala.Cr.App., 350 So.2d 339 (1977); McHellen v. State, Ala.Cr.App., 351 So.2d 689 (1977); and Goodman v. State, Ala.Cr.App., 356 So.2d 691, cert. denied, Ala., 356 So.2d 698 (1978).
In the case under review our examination reveals that the affidavit and search warrant are attached to counsel’s brief on appeal in this cause.
This Court is bound by the following statement of the applicable rule found in Dunaway v. State, 50 Ala.App. 198, 278 So.2d 198 cert. denied, 291 Ala. 777, 278 So.2d 200 (1973):
“Matters raised for the first time on appeal in brief or by affidavits attached thereto are covered by Edwards v. State, 287 Ala. 588, 253 So.2d 513, as follows: “ ‘The rule is that argument in brief reciting matters not disclosed by the record cannot be considered on appeal, Christian v. Reed, 265 Ala. 533, 92 So.2d 881; and the record cannot be impeached on appeal by statements in brief, by affidavits, or by other evidence not appearing in the record. Coleman v. Estes, 281 Ala. 234, 201 So.2d 391; Liberty National Life Ins. Co. v. Patterson, 278 Ala. 43, 175 So.2d 737; Evans v. Avery, 272 Ala. 230, 130 So.2d 373.’ See also Phillips v. State, 32 Ala.App. 238, 24 So.2d 226; Clark v. State, 280 Ala. 493, 195 So.2d 786; Argo v. State, 282 Ala. 509, 213 So.2d 244.”
II
We have again considered the other issues asserted, which were fully covered in our original opinion, and are of the view that no new points are raised. The application for rehearing is therefore due to be and the same is hereby overruled.
OPINION EXTENDED, APPLICATION OVERRULED.
HARRIS, P. J., and DeCARLO and BOOKOUT, JJ., concur.
BOWEN, J., dissents with opinion.