Nowell *v.* Harris, et al.

Dec. 14, 1953

No. 38851 46 Adv. S. 74 68 So. 2d 464

364

*Hester & Walker,* Laurel, for appellant.

*Beard, Pack & Ratcliff,* Laurel; *George D. Maxey,* Ellisville, for appellees.

ROBERDS, P. J.

On January 1, 1951, Nowell endeavored to remove the chain binder from a stack of lumber. The lumber fell

and injured him. He sued Travis Haynes, Jr., doing business as Haynes Lumber Company, and T. H. Harris and G. M. Harris, doing business as Harris Lumber Company. The trial court gave a peremptory instruction for all defendants, and Nowell appeals. The question for decision is whether the court committed reversible error in granting the peremptory instruction.

As to Haynes, the declaration charged him with negligence, causing the injury to plaintiff, in that (1) Haynes failed to furnish plaintiff, as a servant of Haynes, a safe place in which to work; (2) that Haynes failed to carry Workmen's Compensation insurance for benefit of plaintiff; (3) that Haynes knew, or should have known, that plaintiff was a minor, inexperienced about removing binders from lumber, and Haynes should have furnished him additional help in doing that work, and (4) that the accident happened on January first, which was a holiday, and that it occurred at the lumber yard of Harris, who did not have on that day sufficient help, and Haynes should have foreseen that fact.

None of the asserted contentions are established but it is sufficient, for purposes of this opinion, to say that it is undisputed that Haynes was carrying Workmen's Compensation insurance for his employees, and he reported this accident to his insurance carrier. That precludes this action based upon alleged common law negligence. Appellant, by his pleadings and proof, has asserted throughout this action that the relation of master and servant existed between him and Haynes. Section 5, Chapter 354, General Laws of Mississippi 1948. The fact appellant was not named in the policy is immaterial. The policy covered the employees of Haynes and the terms of the Act were written into the policy. National Surety Corp. v. Kemp, ......... Miss. ........., 64 So. 2d 723, (Suggestion of Error overruled 65 So. 2d 840). The court did not err in directing a verdict for Haynes.

As to the liability of T. H. Harris and G. M. Harris, (whom we shall call Harris), the declaration alleges (a) that Nowell was a business invitee upon the premises of Harris and was injured by a hidden, undisclosed danger on such premises; (b) that the lumber was negligently stacked, which fell upon Nowell when he unloosed the binder pursuant to directions by Harris, and that Harris knew, and Nowell did not know, of such negligent stacking.

The proof shows that Haynes was operating a sawmill some three miles south of Laurel, Mississippi; that Harris was engaged in buying and selling lumber; that the lumber he purchased was delivered upon his lumber yards in Laurel; that he was buying lumber from Haynes, which Haynes was delivering to said yards; that Nowell was driving a truck for Haynes, hauling the lumber from the mill of Haynes and delivering it upon the lumber yards of Harris; that on the day of the injury Nowell appeared upon Harris' yards with a truckload of lumber. Ordinarily, the servants of Harris would place a binder about the load of lumber and lift the same from the truck and place it on a ramp. On this day Harris had only one employee on duty—Doggett, who was the foreman. When Nowell arrived at the yards with his truckload of lumber Doggett instructed him to go to a nearby stack of lumber, unloose the chain binder around it and place this chain binder about the load of lumber on the Haynes truck, the loaded lumber then to be lifted and properly placed upon, or about, the ramp, as might be directed. Nowell under-took to follow the instructions of Doggett. When he loosed the binder the stack of lumber fell upon him causing his injuries. Nowell said he was inexperienced in unloosening binders about stacks of lumber and that he did not notice anything indicating to him the lumber had not been properly stacked. On the other hand, Doggett testified that if the lumber had been properly stacked it would not have fallen. He also said that the binder chain

was around the stack of lumber "To keep it from spreading or falling on somebody." He further said that if there is no binder chain around the stacks they are likely to spread and burst. He said he had had twelve to fifteen years experience in lumber yards, and that "If it (lumber) is stacked correctly it won't fall, if it's tiered off right," but that if it is not stacked properly it is dangerous when the binder chain is removed. He then testified that this particular stack was in a "slanted position." He was asked, "And how slanting was it?", and he replied, "I imagine it was leaning over something like 4 or 5 inches from the top—the load of lumber was dangerous—it looked dangerous." He said he did not inform Nowell the lumber was not properly stacked, nor that the stack was likely to spread and fall when the binder chain should be removed. Nowell alone was undertaking to remove the chain. Doggett was not present when the lumber fell.

 Now, under these circumstances, we think the question of liability, or non-liability, of Harris was for the jury.

 In hauling the lumber onto the yards Nowell was a business invitee of Harris. In so doing he was acting to the advantage of himself, his employer Haynes and his inviter Harris. "An invitee is defined as a person who goes on the premises of another in answer to the express or implied invitation of the owner or occupant on the business of the owner or occupant or for their mutual advantage." 65 C. J. S., pg. 508, Section 43(1). Whether to this point he was an implied or express invitee we need not decide. The effect is the same. However, when Nowell went to the stack of lumber and undertook to remove the chain binder therefrom he was an express invitee of Harris, acting through Doggett, his foreman, if the jury accepts Nowell's testimony that Doggett did so direct him.

 "An express invitation is one which is expressly extended, as when the owner in terms invites another to

come upon his premises, or to make use of them, or to use something thereon.'' 65 C. J. S., page 509, Section 43(2). ''The rule is that an owner or occupant of lands or buildings, who directly or impliedly invites others to enter for some purpose of interest or advantage to him, owes to such person a duty to use ordinary care to have his premises in a reasonably safe condition for use in a manner consistent with the purpose of the invitation, or at least not to lead them into a dangerous trap or to expose them to an unreasonable risk, but to give them adequate and timely notice and warning of latent or concealed perils which are known to him but not to them.'' 38 Am. Jur., page 755, Section 96; Campbell v. Willard, 205 Miss. 783, 39 So. 2d 483; N. O. & N. E. R. Co. v. Brooks, 175 Miss. 147, 165 So. 804.

 Doggett testified he knew the lumber was not stacked properly and that it would likely spread and fall when the binder was removed. He does not claim he informed Nowell of that fact. However, it is contended that Nowell has no right of action because he did not detect the danger himself. That fact would not necessarily bar recovery; it would be contributory negligence, reducing the amount of the damage, in case liability did exist. We are mindful also that Doggett testified he did not direct Nowell to remove the binder. Nowell said Doggett did so direct him. That would be a question of fact for the jury to decide.

Affirmed as to Haynes; reversed and remanded as to Harris.

*Kyle, Arrington, Ethridge* and *Lotterhos, JJ.,* concur.