ALLEN v. R. G. LE TOURNEAU, INC.

April 5, 1954

No. 39142        59 Adv. S. 1        71 So. 2d 447

*Ramsey & Ramsey, John B. Gee,* Vicksburg, for appellant.

*Brunini, Everett, Grantham & Quin,* Vicksburg, for appellee.

Lee, J.

Mrs. Katherine Allen, widow and sole heir of Emmett Leroy Allen, filed her suit in the Circuit Court of Warren County against R. G. Le Tourneau, Inc. to recover damages for the death of her husband, which resulted from the alleged failure to furnish him a reasonably safe place in which to work and reasonably safe instrumentalities with which to work.

The defendant, in its answer, set up as a defense that it had fully complied with the provisions of Chapter 354, Laws of 1948, being the Workmen's Compensation Act; that the deceased was subject thereto; and that the plaintiff was thereby precluded from bringing a common law action for the death of her husband.

The plaintiff demurred to the answer, setting up that the Workmen's Compensation Act is violative of various sections of the Constitution, and that Section 1453, Code of 1942, as amended by Chapter 248, Laws of 1952, repealed the Workmen's Compensation Act insofar as the wrongful death of an employee is concerned, and reinstated the right to maintain such action as it existed prior to the enactment of the Compensation Law.

The demurrer was overruled.

Thereupon the parties entered into a stipulation by which it was agreed that the defendant was covered by and subject to the provisions of the Workmen's Compensation Act, and had accepted and complied with all of its terms, and that the deceased was an employee of the defendant, at the time of his injury and death.

The plaintiff declined to plead further. Whereupon, the court held to be good the defense as set up in the an-

swer and which, as to the true relation of the parties, was substantiated by the stipulation. The cause was thereupon dismissed, and Mrs. Allen appealed.

The appellant assigns and argues that the Workmen's Compensation Act in question violates the following sections of the Constitution of 1890: Sections 1 and 2, Article 1; Section 14, 24 and 31, Article 3; and Sections 155, 156 and 172, Article 6.

In the recent case of Mrs. Gladys Walters, et al. v. Bennie L. Blackledge, et al., No. 38,970, decided March 22, 1954, and not yet reported in the bound volumes, it was held that our Workmen's Compensation Act is not violative of Sections 1, 2, 14, 24 and 31, supra.

Since the Act, if complied with, is exclusive, no action, common-law or otherwise, exists whereby the original jurisdiction of the circuit court can be invoked under Section 156, supra. Hence the Act is not in violation of that section; nor does it contravene Sections 155 and 172, supra.

With reference to the further contention that Section 1453, supra, as amended by Chapter 248, supra, operated to repeal the Compensation Act and reinstate the right to maintain an action for the wrongful death of an employee, as it existed prior to the original enactment of the law, it is only necessary to say this: The purpose of the amendment was to permit recovery also "whenever the death of any person shall be caused by .the breach of any warranty, express or implied, of the purity or fitness of any food, drugs, medicines, beverages, tobacco or any and all other articles or commodities intended for human consumption, as would, had the death not ensued, have entitled the person injured or made ill or damaged thereby, to maintain an action and recover damages in respect thereof, * * *". In other words, a right of action was given to recover when the wrongful death resulted from a breach of warranty. Now Chapter 354, Laws of 1948, did not expressly re-

peal Section 1453, supra. It did provide an exclusive remedy when its terms were complied with, but "if an employer fails to secure payment of compensation as required by this act, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this act, or to maintain an action at law for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee." 'Section 5 thereof.

In other words, if the employer fails to secure payment of compensation, the employee or his legal representative may have the choice between claiming compensation under the Act or suing at law for damages, and, in that event, neither the negligence of a fellow servant, assumption of risk, nor contributory negligence can be plead.

Consequently the re-enactment of Section 1453, as amended by Chapter 248, supra, did not repeal or in any way affect the exclusive remedy for Workmen's Compensation as provided by Chapter 354, supra.

It follows therefore that the judgment of the court ought to be, and is, affirmed.

Affirmed.

All justices concur.