130 So.2d 373

Helen Inez EVANS, as Administratrix,

v.

J. W. AVERY, Jr., et al.

2 Div. 421.

Supreme Court of Alabama.

May 25, 1961.

Carter & Van Every, Columbus, Miss., and David M. Hall, Eutaw, for appellant.

Ralph R. Banks, Jr., Eutaw, and Wm. J. Threadgill, Columbus, Miss., for appellees.

SIMPSON, Justice.

This is an appeal from a judgment of the Circuit Court of Greene County, Alabama wherein appellant's demurrer to appellees' plea in bar was overruled and the cause dismissed.

Appellant, Helen Inez Evans, as administratrix of the estate of James Glenn Anderton, deceased, sued appellees in Mississippi for damages for the wrongful death of her intestate pursuant to § 1453, Title 10, Miss. Code 1942.

In the final judgment the Alabama court set out its findings of fact. Briefly they are: On July 28, 1958, the deceased was an employee of appellees, who were doing business as Columbus Curb Market, in Lowndes County, Mississippi; he was accidentally shot by one of the appellees, from which wound he died; that appellant, a sister of deceased, and Marcus R. Anderton, father of deceased, in their individual capacity as sole heirs at law and next of kin, prosecuted in the Circuit Court of Lowndes County, Mississippi to final judgment, a workmen's compensation proceeding against appellees and the Shelby Mutual Insurance Company, resulting in a judgment, for plaintiffs in the amount of $1,000; that the judgment was in full settlement, compromise, accord and satisfaction of all their claims of every kind against appellees and the Shelby Mutual Insurance Company; that the cause of action arose in Mississippi, and is governed by the applicable law, being § 6998–05 of the Mississippi Workmen's Compensation Law of 1942 as amended; that the liability of an employer is exclusive and in place of all other liability by the employer to the employee, his legal representative or next of kin; that the result of the next of kin of deceased (appellant and deceased's father) having prosecuted to final judgment the action under the Workmen's Compensation Law of Mississippi precludes any action whether in Mississippi, or elsewhere, by the legal representative of the deceased, for the wrongful death of the deceased in a tort action, under the identical circumstances in both actions.

At the outset, we would like to point out that much of appellant's argument is not founded on any allegations appearing in the pleadings transcribed in the record. Consideration of these points will be pretermitted, for on appeal, this Court is remitted to a consideration of the record alone and absolute truth must be imputed to it. If incomplete or incorrect, amendment or correction must be sought by appropriate proceedings rather than by impeachment on the hearing in the appellate court. The record cannot be changed, al-

tered, or varied on appeal by statements in the briefs of counsel, nor by affidavits or other evidence not appearing in the record. Union Mutual Ins. Co. v. Robinson, 216 Ala. 527, 113 So. 587; Metcalf et al. v. Department of Industrial Relations, et al., 245 Ala. 299, 16 So.2d 787.

The record discloses, without dispute, that appellant, as next of kin and heir of deceased, along with deceased's father, has received compensation under the Workmen's Compensation Laws of Mississippi, Title 25, § 6998–01 et seq., as the result of a suit against the employer, appellees here. This suit is now by the appellant—administratrix of the estate of the deceased, the same individual, who in her individual capacity sued the same defendants under the workmen's compensation proceeding in Mississippi. Suit here is not against a third party other than the employer by the dependents of the employee, as provided in Title 25, § 6998–36, Mississippi Code 1942.

In Title 25, § 6998–05, Miss.Code 1942, the exclusiveness of liability of the employer is thus prescribed:

"The *liability* of an *employer to pay compensation shall be exclusive* and *in place of all other liability of such employer* to the employee, *his legal representative,* husband or wife, *parents, dependents, next-of-kin,* and anyone otherwise *entitled to recover damages at common law* or *otherwise* from such employer on account of such injury or *death,* except that if an employer fails to secure payment of compensation as required by this act, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this act, or to maintain an action at law for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to

the contributory negligence of the employee." (Emphasis supplied.)

■ The foregoing mandate of the Mississippi Legislature is explicit and contains the test of whether the employee or those persons designated therein can sue at common law or otherwise. Section 6998–05, supra, states that "if an employer fails to secure payment of compensation as required by this act", the employee or his personal representative where death results may elect to maintain an action at law for damages. The test is whether the employer has secured payment of compensation as required by the act. The requirement that the employer must secure payment of compensation means that he must have in effect an insurance policy complying with the workman's compensation act, or must qualify as a self-insurer. McCoy v. Cornish Lumber Co., 220 Misc. 577, 71 So.2d 304.

■ If the Workmen's Compensation Act is complied with by the employer, it affords the exclusive remedy in Mississippi between employers and employees, and no action, common law or otherwise exists, whereby the original jurisdiction of the circuit court can be invoked. Riddell v. Cagle's Estate, 227 Miss. 305, 85 So.2d 926; Mosley v. Jones, 224 Miss. 725, 80 So.2d 819; Allen v. R. G. LeTourneau, Inc., 220 Miss. 520, 71 So.2d 447; Walters v. Blackledge, 220 Miss. 485, 71 So.2d 433; Nowell v. Harris, 219 Miss. 363, 68 So.2d 464; Hordge v. Yeates, D.C., 157 F.Supp. 411.

■ It appearing from the record that the employer (appellees here) secured the payment of compensation under the Act, of the deceased employee, the action by the employee, had he lived, or those persons designated therein, would have been exclusively under the Workmen's Compensation Act, and no action at common law or otherwise could have been instituted against his employer.

As stated previously, the appellant here instituted suit against appellee under § 1453, Title 10, Miss.Code of 1942, as amend-

ed. The pertinent provisions of the Act are:

"Whenever the death of any person shall be caused by real wrongful or negligent act or omission, or by such unsafe machinery, way or appliances as would, *if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof,* * * * the action for such damages may be brought in the name of the personal representative of the deceased person, for the benefit of all persons entitled under the law to recover * * *." (Emphasis supplied.)

In Allen v. R. G. LeTourneau, Inc., supra, it was argued that § 1453, supra, as amended, repealed the Compensation Act and did reinstate the right to maintain an action for the wrongful death of an employee. The court said [220 Miss. 520, 71 So.2d 448]:

"Now Chapter 354, Laws of 1948, did not expressly repeal Section 1453, supra. It did provide an exclusive remedy when its terms were complied with, but 'if an employer fails to secure payment of compensation as required by this act, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this act, or to maintain an action at law for damages on account of such injury or death. * * *' Section 5 thereof.

"In other words, if the employer fails to secure payment of compensation, the employee or his legal representative may have the choice between claiming compensation under the Act or suing at law for damages, and, in that event, neither the negligence of a fellow servant, assumption of risk, nor contributory negligence can be plead.

"Consequently the re-enactment of Section 1453, as amended by Chapter 248, supra, did not repeal or in any way affect the exclusive remedy for Workmen's Compensation as provided by Chapter 354, supra."

It seems clear that the personal representative of the deceased employee in the instant case could not bring suit under Section 1453, Miss.Code 1942, as amended, against the employer, for damages under the wrongful death statute.

We see from the above statute that to permit the personal representative to sue for the death of another, the deceased must have been entitled to maintain an action to recover damages, if death had not ensued. In the instant case, death ensued as the result of a shot from the pistol of one of the appellees. The appellees, the employer of deceased, had secured compensation to the employee under the Mississippi Workmen's Compensation Act. Therefore, under the authorities cited, the exclusive liability of the appellees to the deceased was under the compensation act. The deceased, if he had lived, would not have been entitled to maintain an action at law against appellees. His only remedy, had he lived, would have been under the compensation act. Sec. 6998–01 et seq., Title 25, Miss. Code 1942. Therefore, if the decedent could not have maintained any other action, then the personal representative suing under the wrongful death statute, may not either.

Boiled down, the pertinent principle is thus stated in 101 C.J.S. Workmen's Compensation § 964, p. 435:

"Where a death act limits the right of action to those cases in which the person injured would have had a right of action for damages if death had not ensued, the personal representative of the deceased employee cannot sue thereunder where, if he had lived, the employee would have been compelled to resort to the compensation act."

The judgment below is without error.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.