Mrs. Earl **MAYER**, Plaintiff,

v.

**CITIES SERVICE OIL COMPANY**, Defendant.

**No. WC6530.**

United States District Court
N. D. Mississippi, W. D.
Sept. 14, 1966.

Rupert Ringold, Winona, Miss., and John H. Shands, Vaiden, Miss., for plaintiff.

James A. Becker, Jr., of Watkins & Eager, Jackson, Miss., for defendant.

## MEMORANDUM OPINION

CLAYTON, Chief Judge.

This action was removed to this court from a state court upon adequate grounds of diverse citizenship, 28 U.S.C. § 1332. The plaintiff, a woman in her sixties, alleged that the defendant oil company owned and controlled a service station consisting of a one story building with a wide concrete apron, from which concrete walks led to rest rooms at the side of the buildings; that the defendant negligently permitted the sidewalks to become dangerous through defendant's failure to remove ice which had accumulated over a long period of time; that defendant held out the sidewalk for the use of the public as invitees; that plaintiff went onto the premises as an invitee; and that as a result of defendant's negligence she slipped on the ice and fell, to her injury.

The defendant moved for summary judgment and the court, by letter dated 2 December, 1965, directed submission on briefs and affidavits, allowing fifteen days to each party. The moving defendant promptly submitted a brief and filed several affidavits. Plaintiff's reply has never been received. Plaintiff's failure to respond is an adequate ground for sustaining the defendant's motion without more, but it is also apparent from the record that there is no genuine issue as to the material facts governing liability and that the defendant is entitled to a judgment as a matter of law.

The evidentiary materials filed by the defendant in support of its motion include the affidavits of an agent of the defendant, of the lessee of the service station and of a meteorologist of the Weather Bureau of the United States Department of Commerce, and the deposition of the plaintiff. From these matters of record, the uncontroverted facts are as follows: Plaintiff and her husband were enroute to their home in another city when they stopped at defendant's service station. The sole reason for stopping was plaintiff's desire to use the rest room facilities, and they selected defendant's service station because it was conveniently located on the right hand side of the highway and because they had occasionally stopped there in the past. Neither plaintiff nor her husband desired or intended to make any purchases or enter into any kind of business transaction at the service station.

Plaintiff got out of the automobile and walked to the door of the rest room at the side of the building. The door was locked and she proceeded toward the main entrance of the service station to get a key. Walking on the sidewalk along the north side of the building, plaintiff slipped on ice and fell before

she reached the office. There had been no precipitation for at least six days prior to the plaintiff's fall, but on that day a trace of snow had fallen. The ice could have accumulated only on that day. There were no defects in the sidewalk.

The service station had been closed for six weeks or two months prior to the day in question and was closed on that day. A large sign, three or four feet square, was placed in the window informing the public that the station was closed temporarily. On that day the new lessee, who was to open the station the following day, had gone there with a borrowed key to check inventory, and was in the stockroom of the station at the time of plaintiff's entry onto the premises.

██ In order to prevail, plaintiff must have established that there is a genuine issue as to whether or not she was an invitee, as she alleged, rather than a mere licensee or trespasser, for there are no allegations of any facts which would constitute wilful and wanton injury. The only duty an owner owes to licensees is to refrain from wilfully and wantonly injuring them. Graves v. Massey, 227 Miss. 848, 87 So.2d 270 (1956); 65 C.J.S. Negligence § 63(32), p. 690. The licensee takes the premises on which he enters as he finds them. In 65 C.J.S. Negligence, § 63(33), p. 699, it is said:

"Accordingly, unless imposed by statute, * * *, the owner or person in charge is ordinarily under no duty to use ordinary care to make or keep the property or premises in a reasonably safe condition for the use of licensees, or to keep them in a nonhazardous state, or to keep the usual condition of the premises up to any particular standard of safety, or to keep the premises in any particular state or condition to promote the safety of licensees; nor is he under any obligation to take any measures to protect bare or mere licensees from injury due to the condition of the property, or from dangers incident to the ordinary uses to which the premises are subject. There is no duty of inspection to make the premises safe, and there is ordinarily no duty to provide safeguards for licensees, even though there are dangerous holes, pitfalls, obstructions, or other conditions near to the part of the premises to which the permissive use extends."

See also, McDonald v. Wilmut Gas & Oil Company, 180 Miss. 350, 176 So. 395 (1937).

██ At best, plaintiff was a mere licensee and not an invitee. She did not enter onto the defendant's premises to make any purchases or for the benefit of the defendant, but solely on a personal mission of her own. An invitee is one who goes onto the premises of another at the express or implied invitation of the owner or occupant on the business of the owner or occupant or for their mutual advantage. Nowell v. Harris, 219 Miss. 363, 68 So.2d 464 (1953); Wright v. Caffey, 239 Miss. 470, 123 So.2d 841 (1960). A licensee is a person who enters upon the property for his own convenience, pleasure or benefit. Kelley v. Sportsmen's Speedway, Inc., 224 Miss. 632, 80 So.2d 785 (1955). The uncontroverted facts established by defendant's affidavits and plaintiff's deposition clearly place plaintiff in the latter category rather than the former. Graves v. Massey, supra.

██ Nothing in the allegations of the complaint or in the factual materials suggests that the defendant was guilty of any breach of its duty toward plaintiff as a mere licensee. There being no genuine issue as to the material facts relating to liability, defendant is entitled to judgment as a matter of law.

An order will be entered in accordance with the foregoing.