198 So.2d 809 (1967)
Lawson TAYLOR
v.
CROSBY FOREST PRODUCTS COMPANY.
No. 44407.
Supreme Court of Mississippi.
May 15, 1967.
J.E. Stockstill, Picayune, Williams & Williams, Poplarville, for appellant.
Tate Thigpen, Picayune, Simrall, Aultman & Pope, Hattiesburg, for appellee.
BRADY, Justice:
Appellant, Lawson Taylor, instituted suit on April 22, 1965, in the Circuit Court of Pearl River County seeking damages in the sum of $75,000 for injuries allegedly sustained on July 1, 1960, while he was employed by appellee, Crosby Forest Products Company. Appellee filed a demurrer, a denial of the facts alleged in the declaration and a defense that on the date and occasion set out in the declaration the Mississippi Workmen's Compensation Act was in full force and effect and was the exclusive remedy, if any, available to appellant. Appellee also filed a motion to dismiss the declaration.
In reply to appellee's third defense and motion to dismiss, appellant filed an answer in which it was admitted that the Workmen's Compensation Act was in full force and effect at all times in question, but appellant urged that appellee had forfeited its status as a self insurer by failing "to secure payment of compensation" as required by section 5 of the Workmen's Compensation Act, Mississippi Code 1942 Annotated section 6998-05 (1952). For this reason appellant insists he is entitled to maintain an action at law. An analysis of the facts, briefly stated, is as follows.
On July 1, 1960, appellant was employed by appellee as an engineer on a Shay engine. While preparing to operate the *810 engine, appellant allegedly injured his hip when he slipped and fell on a piece of wood negligently left on the engine by appellee. Appellant testified that when he had finished his work on the engine, he reported the injury to Mr. Vance, superintendent of appellee's creosote plant. He testified that Vance instructed him to go to the main office and notify Mr. Martin, appellee's personnel director who processed all workmen's compensation claims. Martin supposedly told appellant that his injury was only minor and that he should come back later. Both Vance and Martin strongly denied that any such injury was ever reported to them.
Appellant testified that he also reported the injury to Mr. Vic Henley, his immediate foreman. Henly remembered that appellant at some time had come to him and stated that he had injured his hip while working. He did not remember the date, however, and apparently appellant did not request that he be sent to a doctor for medical attention.
Appellant introduced Mr. Oscar Jarrell who testified that he was with appellant when he told Mr. Vance that he had fallen and injured himself. Mr. Vance emphatically denied knowing that appellant had gone to the hospital in July 1960 on account of injuries which appellant claims to have sustained. On cross-examination Vance admitted that he learned from Mr. Martin that appellant had gone to the hospital in 1960 for treatment of arthritis.
In January 1961 appellant left appellee's employment and at that time informed Mr. Martin that he wanted to draw his old age benefits. Martin took a statement from appellant on the date he terminated his employment. This statement clearly indicates that it is not a release. Rather it is a factual and frank declaration by appellant that he did not receive injuries of any kind during the month of December 1960 while employed by appellee and that he had no claims of any nature against appellee for work-connected injuries. The pertinent parts of the statement are as follows:
 "PR. No. 1747
"I, Lawson Taylor employee of the CROSBY FOREST PRODUCTS CO., in consideration of the benefits of my employment, and for the purpose of assisting said company in finding out of any claim against it, and thereby facilitating the investigation and adjustment of such claim, if any, hereby state that I have received no injury of any nature or kind during the month of December, 1960 while working for said company. I have no claims of any nature or kind on account of or resulting from any injury sustained by me while working for said company.
"Witness my signature on this the 17th day of January, 1961.
 "Left work
 December 22, due to illness
 /s/ Lawson Taylor 
 * * *
 "Witnesses:
 /s/ T. Martin"
The record is complete insofar as appellee being duly qualified as a self insurer under the Workmen's Compensation Act. Mr. R.T. McRaney, appellee's assistant office manager and secretary-treasurer, introduced a certificate signed by Mrs. Rose P. May, secretary of the Mississippi Workmen's Compensation Commission, disclosing that appellee has been qualified as a self insurer at all times since January 3, 1950.
The trial court, having found that appellee was duly qualified as a self insurer prior to and on the date of the alleged accident, ruled that appellant's exclusive remedy was under the Workmen's Compensation Act. Accordingly, the court held that an action at law would not lie and sustained appellee's motion to dismiss the suit. We have read the record carefully and have concluded that the trial court was eminently correct in so holding.
*811 The briefs disclose that appellant bases his right to maintain an action at law upon the provisions of section 5 of the Workmen's Compensation Act, Mississippi Code 1942 Annotated section 6998-05 (1952), the pertinent parts of which are as follows:
The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this act, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this act, or to maintain an action at law for damages on account of such injury or death. * * * (Emphasis added.)
We are thus presented with the novel contention that the words "if an employee fails to secure payment of compensation as required by this act" means failure to pay compensation to the injured employee, irrespective of whether such employee's claim was ever presented to the Workmen's Compensation Commission. In addition, appellant urges that since appellee was informed of the injury and failed to report it to the Commission in the manner and within the time provided, appellee thereby forfeited its rights as a self insurer. Section 32 of the Workmen's Compensation Act, Mississippi Code 1942 Annotated section 6998-38 (1952), grants the Workmen's Compensation Commission the right to permit an employer to become a self insurer and sets forth the terms and conditions prerequisite thereto. It provides that in the event of failure on the part of the employer to faithfully discharge his obligations as a self insurer, the order exempting him from insuring his liability may be revoked. However, only the Commission has this authority. The trial courts are not vested with authority to revoke or nullify an employer's status as a self insurer.
Section 12(a) of the Workmen's Compensation Act, Mississippi Code 1942 Annotated section 6998-18(a) (1952), is clear in providing that the absence of notice is no bar to recovery under the act if it is found that the employer had knowledge of the injury and was not prejudiced by the employee's failure to give notice. However, the fact that appellant in this case did not process his claim, if he had one, does not suspend the running of the two year statute of limitations. The record discloses that appellant filed no claim with the Commission as required by the statute.
The language of section 6998-05 is clear and free of any ambiguity. It expressly provides that the liability of an employer to pay compensation shall be exclusive and in place of all other liability. The single exception deals with circumstances where an employer fails "to secure payment of compensation as required by this act." Only in these instances may the injured employee elect to claim under the Workmen's Compensation Act or institute an action at law.
The basic question presented here is whether appellee failed "to secure payment of compensation" as required by the act. This identical question was before the Court in McCoy v. Cornish Lumber Company, 220 Miss. 577, 585, 71 So.2d 304, 307 (1954), in which we stated:
The requirement that the employer must secure payment of compensation means that he must have in effect an insurance policy complying with the workmen's compensation act, or must qualify as a self insurer.
This same conclusion was reached by the Alabama Supreme Court in Evans v. Avery, 272 Ala. 230, 130 So.2d 373 (1961). The *812 authorities are in harmony with the holdings in McCoy and Evans. See Dunn, Mississippi Workmen's Compensation § 14 (1957).
In the case at bar the evidence conclusively shows that appellee secured the payment of compensation to its employees by qualifying with the Commission as a self insurer. It follows, therefore, that the statutory remedy being exclusive, no action at law was available to appellant. The trial court was eminently correct in dismissing appellant's suit.
Numerous assignments of error are urged by appellant, but they are controlled by the basic question hereinabove noted. For the reasons stated above, the order of the trial court dismissing appellant's action is affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, JONES and SMITH, JJ., concur.