James Allen **CUNNINGHAM, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 2323.**

United States District Court
E. D. Tennessee,
Northeastern Division.

April 11, 1969.

---

James R. Hamrick, Bristol, Tenn., Ferdinand Powell, Jr., Johnson City, Tenn., for plaintiff.

S. Morris Hadden, Ernest F. Smith, Hunter, Smith, Davis, Morris, Waddy & Treadway, Kingsport, Tenn., for defendant.

REVISED *

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The plaintiff Mr. Cunningham sued this defendant's insured in tort in this Court, Cunningham v. Higgins, civil action no. 2303, this division, and sued this defendant for breach of a contract of liability insurance in a Tennessee state court. He claims that this defendant contracted thereunder by implication to pay him the full amount of damages for which Mr. Higgins is liable to him. This action was removed to this Court from the state court. 28 U.S.C. §§ 1441(a), 1332(a) (1), (c).

It was alleged in the removal petition herein that the plaintiff in both actions is a citizen of Ohio, that the tortfeasor is a Tennessee citizen, and that the corporate defendant herein is an Illinois corporation, not incorporated by either Tennessee or Ohio, with its principal place of business in Illinois.

The plaintiff moves for a remand of this action as having been removed improvidently without jurisdiction, 28 U.S.C. § 1447(c), because this is a direct action against the insurer of a policy or contract of liability insurance, to which the insured is not joined as a party defendant; and, therefore, that in this situation this defendant-insurer must be deemed a citizen of Tennessee. 28 U.S.C. § 1332(c).

■■ A defendant is not entitled to remove an action from a state court if any of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b). The 1964 amendment to 28 U.S.C. § 1332(c), providing that, in a direct action against the insurer of a policy or contract of liability insurance, to which action the insured is not joined as a party-defendant, the insurer is to be deemed a citizen of the state of which the insured is a citizen, was enacted to prevent further increasing of the diversity caseload of federal courts in states (such as Wisconsin and Louisiana), where statutes had been enacted permitting suits directly against insurance companies without the necessity of joining the insured as a party. Henderson v. Selective Insurance Company, C.A.6th (1966), 369 F.2d 143, 149, headnote 3.

■ The instant action is not such "direct action" as was contemplated by the Congress in the sense of 28 U.S.C. § 1332(c), and the amended language is inapplicable** here. Cf. Carvin v. Stand-

---

* Superceding the memorandum opinion and order herein of April 2, 1969.

** Vines v. United States Fidelity & Guaranty Company, D.C.Tenn. (1967), 267

ard Accident Insurance Co., D.C.Tenn. (1966), 253 F.Supp. 232, 234, headnote 2. The plaintiff's motion of February 17, 1969 to remand this action to the state court whence it came hereby is

Denied.

Pretrial conferences will be rescheduled by the clerk herein and in the companion case, civil action no. 2303, this division, at a convenient time.

F.Supp. 436, cited by the plaintiff, is inapposite because an employee covered by the Tennessee workmen's compensation law has a direct action for benefits thereunder against his employer's insurer. T.C.A. § 50–1209.