CHANDLER, J.,
for the Court.
¶ 1. Linda Washington, individually and on behalf of the wrongful death beneficiaries of Jerry Sanders, commenced a wrongful death action against Tern’s Junior, Inc., in the Circuit Court of Noxubee County. Tern’s Junior owned and operated the Shell Food Mart convenience store in Macon, Mississippi. In her complaint, Washington alleged that Sanders died from injuries he sustained from slipping and falling in grease that, as the result of negligence, was present on the ground outside of the convenience store. Tern’s Junior asserted in a motion for summary judgment that Sanders was an employee of Tern’s Junior and, therefore, the beneficiaries’ exclusive remedy was under the Mississippi Workers’ Compensation Act.
¶ 2. The trial court found that there was no genuine issue of material fact that Sanders was an employee who had been in the course and scope of his employment at the time of his slip and fall. The trial court granted summary judgment in favor of Tern’s Junior. Washington appeals. We affirm the judgment of the trial court.
FACTS
¶ 3. At approximately 3:40 a.m. on November 9, 2003, a patrolman with the City of Macon Police Department found Sanders lying in an area covered with grease outside the Shell Food Mart convenience store. A police report stated that Sanders had fallen and hit his head. Sanders was taken to Noxubee General Hospital and later transferred to Baptist-Golden Triangle Hospital in Columbus, Mississippi. Sanders died from his injuries two days after the incident.
¶4. On August 16, 2004, Washington, Sanders’s adult daughter, commenced a wrongful death action against Tern’s Junior that is the subject of this appeal. Tern’s Junior filed a motion to dismiss, asserting that Sanders had been an employee of Tern’s Junior; therefore, the beneficiaries’ exclusive remedy was under the Mississippi Workers’ Compensation Act. The trial court denied the motion as being premature and ordered the parties to conduct “limited and focused discovery on the issue of whether or not [Sanders] was an ‘employee’ of [Tern’s Junior] at the time of his death and was covered by the employer’s worker[s’] compensation insurance.” During discovery, Tern’s Junior produced a copy of a first report of injury form concerning Sanders’s death completed by its workers’ compensation insurance carrier. After discovery, Tern’s Junior filed a motion for summary judgment.
¶ 5. Tern’s Junior attached the affidavit of Earnest L. Hill, the part owner and general manager of Tern’s Junior. Hill stated that Sanders was employed by Tern’s Junior to clean the outside of the convenience store every morning before the store opened to customers at 5:00 a.m. Sanders’s job required him to clean the exterior areas of the store and gas station using a broom and dustpan provided by Tern’s Junior. Sanders also had to remove the old garbage bags from the trash cans, place them in the dumpster, and replace them with new garbage bags. For this job, Sanders was paid $35 per week by check. Tern’s Junior attached copies of check stubs reflecting weekly payments of $35 to Sanders beginning on January 3, 2003, and ending on November 7, 2003.
¶ 6. Hill also averred that after Sanders’s death, Tern’s Junior hired Sanders’s *1049 son, Charles Patton, to replace Sanders. Tern’s Junior paid Patton $50 per week to perform the same job. Hill stated that Patton used his earnings to repay a loan given by BankFirst to Patton to cover Sanders’s burial expenses. In their depositions, both Washington and Patton testified that Sanders had not worked for Tern’s Junior. Patton testified that he went to work for Tern’s Junior in order to earn money with which to pay off a two thousand dollar loan which he had taken out to pay for Sanders’s funeral expenses.
¶ 7. At the hearing on the motion for summary judgment, Tern’s Junior argued that as a matter of law Sanders had been employed by Tern’s Junior; therefore, his family’s exclusive remedy for his death was pursuant to the Workers’ Compensation Act. Tern’s Junior asserted that in the week of Sanders’s death it notified its workers’ compensation insurance carrier, AmFed National, of Sanders’s death, but AmFed National never filed the first report of injury form with the Mississippi Workers’ Compensation Commission (Commission). Tern’s Junior also asserted that AmFed National denied the claim, but only after Washington asserted that Sanders was not an employee. In her responsive argument, Washington abandoned her prior contention that Sanders was not an employee and admitted that discovery had revealed that Sanders was an employee of Tern’s Junior. Though Washington admitted that Sanders was an employee, she contended that she was entitled to maintain an action at law pursuant to Mississippi Code Annotated section 71-3-9 (Rev. 2000) because Tern’s Junior had failed to secure payment of compensation for Sanders’s death. Washington stated that she had never pursued a claim for workers’ compensation benefits concerning Sanders.
¶ 8. The trial court found that there was no genuine issue of material fact that Sanders was an employee of Tern’s Junior in the course and scope of his employment at the time of his slip and fall; therefore, the exclusive remedy for his death was under the Mississippi Workers’ Compensation Act. The trial court granted summary judgment in favor of Tern’s Junior and dismissed Washington’s wrongful death action with prejudice.
STANDARD OF REVIEW
¶ 9. The trial court should render a summary judgment “forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). The moving party has the burden to show there is no genuine issue of material fact, while the non-moving party should be given the benefit of every reasonable doubt. Moss v. Batesville Casket Co., 935 So.2d 393, 398(¶ 16) (Miss.2006). The mere existence of conflicting facts in the record will not preclude summary judgment. Id. at (¶ 17) (quoting Simmons v. Thompson Mach. of Miss., Inc., 631 So.2d 798, 801 (Miss.1994)). Rather, in order to thwart summary judgment, the factual issue must be a material one, that is, one that matters in an outcome determinative sense. Id. This Court reviews the trial court’s grant or denial of a summary judgment motion de novo. Id. at (¶ 15).
LAW AND ANALYSIS
WHETHER THE TRIAL COURT ERRED IN FINDING THAT WORKERS’ COMPENSATION WAS THE EXCLUSIVE REMEDY AND IN GRANTING SUMMARY JUDGMENT TO TEM’S JUNIOR.
¶ 10. Washington argues that Tern’s Junior treated Sanders as an independent contractor, and it did not secure payment of compensation for him as required for *1050 employees by the Workers’ Compensation Act. Tern’s Junior contends that because Washington admitted that Sanders was a statutory employee at the summary judgment hearing, Washington is barred from arguing on appeal that Sanders was an independent contractor and not an employee. Indeed, Washington, having already conceded in the trial court that Sanders was a statutory employee, may not reliti-gate the point on appeal. Consumers Veneer Co. v. Chestnut, 210 Miss. 430, 433-34, 49 So.2d 734, 735 (1951). However, a careful review of Washington’s argument on appeal reveals that Washington’s only appellate contention is that Tern’s Junior did not secure payment of workers’ compensation benefits, and this fact enabled Washington to maintain an action at law pursuant to Mississippi Code Annotated section 71-3-9.
¶ 11. Under section 71-3-7 of the Mississippi Workers’ Compensation Act, a statutory employer “shall be liable for and shall secure the payment to his employees of the compensation payable under [the Act’s] provisions.” Miss.Code Ann. § 71-3-7 (Rev.2000). An employer that has secured payment of compensation for its employees in compliance with section 71-3-7 enjoys immunity from suit in tort for an employee’s injury or death. See Miss.Code Ann. § 71-3-9; Lamar v. Thomas Fowler Trucking, Inc., 956 So.2d 878, 882(¶ 11) (Miss.2007). Section 71-3-9 provides in pertinent part:
The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law for damages on account of such injury or death.
Under this statute, an employer that has failed to “secure payment of compensation as required by this chapter,” lacks immunity and an injured employee may elect to pursue either statutory workers’ compensation benefits or an action at law. Id.
¶ 12. Washington contends that Tern’s Junior did not “secure payment of compensation,” and therefore, the Act’s exclusivity provision did not apply, and she could maintain a wrongful death action. While Washington recognizes that Tern’s Junior had a workers’ compensation insurance carrier, she argues that Tern’s Junior failed to “secure payment of compensation” because: (1) Sanders was not listed as an employee on the payroll or on the employee lists which were annually provided to the carrier, (2) Tern’s Junior did not prove that it filed the first report of injury form, and (3) Tern’s Junior has not made any payments mandated by the Act for Sanders’s medical bills or funeral expenses.
¶ 13. Washington’s argument implicates the question of what acts by the employer are necessary for it to “secure payment of compensation” in compliance with the Act. It is settled that “[t]he requirement that the employer must secure payment of compensation means that he must have in effect an insurance policy complying with the workmen[s’] compensation act, or must qualify as a self[-]insurer.” Taylor v. Crosby Forest Prods. Co., 198 So.2d 809, 811 (Miss.1967) (quoting McCoy v. Cornish Lumber Co., 220 Miss. 577, 585, 71 So.2d 304, 307 (1954)). The prerequisite for immunity that the employer “secure payment of compensation” does *1051 not mean that the employer must timely inform the Commission of an employee’s injury or ensure that a particular employee is paid the benefits to which he is entitled under the Act. Taylor, 198 So.2d at 811. Rather, the requirement that the employer “secure payment of compensation” means that the employer must have in effect a workers’ compensation insurance policy or be a qualified self-insurer. See Miss.Code Ann. § 71-3-75 (Supp.2007). When an employer “secure[s] payment of compensation” through a workers’ compensation insurance policy, the employer’s statutory responsibility to pay workers’ compensation benefits becomes the responsibility of the carrier. Nat’l Sur. Corp. v. Kemp, 217 Miss. 537, 555 64 So.2d 723, 731 (Miss.1953); see Miss.Code Ann. § 71-3-77(1) (Supp.2007) (deeming contracts for workers’ compensation subject to the provisions of the Act, with inconsistent contractual provisions to be void, but permitting such contracts to offer deductibles on the assured’s liability under and according to the chapter).
¶ 14. There was no genuine factual dispute concerning whether or not Tern’s Junior had effective workers’ compensation insurance. According to Tern’s Junior’s discovery responses, Tern’s had a policy in effect with AmFed National; AmFed National completed a first report of injury form, and Tern’s Junior produced a copy of this form in discovery.[1] Washington does not dispute that Tern’s Junior had workers’ compensation coverage in effect for its employees at the relevant time. The record sufficiently evinces that Tern’s Junior did secure payment of compensation to its statutory employees as required by the Act, and therefore, it was immune from suit pursuant to section 71-3-9.
¶ 15. The record reflects that Tern’s Junior provided notice to the carrier of Sanders’s death. At the summary judgment hearing, Tern’s Junior expressed that the reason no benefits were paid for Sanders’s death was that his beneficiaries had claimed he was not an employee. Certainly, Tern’s Junior did not provide any payment of compensation for Sanders’s death pursuant to Mississippi Code Annotated section 71-3-25 (Rev.2000). Nor did it controvert the right to compensation after gaining knowledge of the death pursuant to Mississippi Code Annotated section 71-3-37(4) (Supp.2007). However, if an employer has properly secured payment of compensation for its employees, that employer’s failure to comply with the Act’s mechanisms for the payment of benefits does not disturb the immunity bestowed by section 71-3-9. Taylor, 198 So.2d at 811. The Act itself provides remedies for these failings, if any. See, e.g., Miss.Code Ann. § 71-3-37(5).
¶ 16. Because Tern’s Junior “secure[d] payment of compensation as required,” the Act provided the exclusive remedy for the death of Sanders; no action at law was available to Washington. Miss.Code Ann. § 71-3-9. Therefore, we affirm the trial court’s grant of summary judgment in favor of Tern’s Junior.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF NOXUBEE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. Neither AmFed National nor Tern's Junior filed the report with the Commission as required by Mississippi Code Annotated section 71-3-67(1) (Rev.2000).