BOOKOUT, Judge,
concurring specially:
I concur in the result reached, but I do not agree with the statements in the majority opinion to the effect that both § 12-14-70(d) and § 12-22-110, Code of Ala. 1975, are directory only and can therefore be ignored on appeal.
Section 12-22-110, originally Act No. 391, Acts of 1915 (Title 15, § 358, Code of Ala. 1940), has been held to be directory in Tribble and Thompson, supra. That is because that statute contains no penalty or sanction for noncompliance. However, § 12-14-70 is entirely different. It was enacted originally as a part of the Judicial Implementation Act (Act No. 1205, § 8-105, Acts of Ala. 1975) and governs all appeals from municipal courts.
Article 8 of Act 1205, supra, was enacted to cover the whole subject matter of municipal courts and appeals therefrom and was intended to supersede and take the place of all prior laws on that subject, thereby repealing by implication Title 15, § 358, supra. Fletcher v. Tuscaloosa Fed. Sav. and Loan Ass’n, 294 Ala. 173, 314 So.2d 51 (1975). However, upon drafting the new 1975 Code (adopted October 31, 1977), the repealed section was carried over into the new code, probably inadvertently, as § 12-22-110, supra. Therefore, we are faced with two code sections which, although not completely contradictory, contain two different time requirements.
Section 12-22-110, which applies to appeals to circuit court from a district court or municipal court, merely directs that “the appeal shall be returned to the circuit court within 10 days.” However, § 12-14-70(d) provides in no uncertain terms that if the municipality has not filed the notice of appeal and other documents in the circuit court within 15 days, “the municipality shall be deemed to have abandoned the prosecution, the defendant shall stand discharged, and the bond shall be automatically terminated.”
There is no equivocation in the wording of § 12-14-70(d). It vests no discretion in the circuit court in ending the prosecution and dismissing the case. It speaks clearly in mandatory terms of “shall” and makes termination of the bond automatic. The statute is not merely directory, but is mandatory for it contains a clear penalty or sanction for noncompliance. Rodgers v. Meredith, 274 Ala. 179, 146 So.2d 308 (1962).
I concur in the result reached because the record does not clearly show when “the notice [of appeal] and other documents” were filed, if ever. The appellant agreed to be tried on the original affidavits or complaints, and the fact that they are not in the record on appeal does not void the proceeding in circuit court below. Clark v. City of Mobile, supra. An appellant is under the duty to see that his appeal is perfected in this court according to the requirements of the statutes and rules of court. Orum v. State, 286 Ala. 679, 245 So.2d 831 (1971). If documents necessary to a valid appeal de novo to circuit court are not filed with that court within the prescribed time, copies of those documents showing the filing date should appear in the record, and it is the duty of the appellant to see to this if the matter is to be properly brought to this court’s attention. Assertions in brief or arguments of counsel transcribed below will *717 not suffice. Smith v. State, Ala.Cr.App., 346 So.2d 465 (1976).
BOWEN, J., joins in the above.